**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4930**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILAS THOMAS KING,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (CR-01-210; CR-01-211)

_____

Submitted: November 28, 2005      Decided: January 9, 2006

_____

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Sue Genrich Berry, BOWEN, BERRY & POWERS, P.L.L.C., Wilmington, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Holly A. Pierson, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Silas Thomas King appeals his convictions and sentences for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2000); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2000); four counts of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(d) (2000); four counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2000); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).

King was convicted after a jury trial for his participation in a string of violent bank robberies. For the reasons that follow, we affirm the convictions but vacate the sentences and remand for resentencing.

King contends that the district court's admission of business records violated his rights under the Confrontation Clause and the rule of Crawford v. Washington, 541 U.S. 36 (2004). King did not object on these grounds in the district court, and thus this court's review is for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

In Crawford, the Supreme Court held that the Sixth Amendment's Confrontation Clause does not permit the introduction

of out-of-court testimonial evidence unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. Crawford, 541 U.S. at 68. Notably, the Court discussed certain types of hearsay that "by their nature were not testimonial — for example, business records or statements in furtherance of a conspiracy." Id. at 56. Accordingly, we conclude that the admission of business records against King was not plain error, and that King's convictions should stand. See United States v. Jamieson, 427 F.3d 394, 411 (6th Cir. 2005) (business records not "testimonial" under the rule in Crawford).

Next, King argues that enhancements to his sentence violate the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005), and that the district court misapplied the sentencing guidelines in calculating his sentence. In Booker, the Supreme Court applied the rationale of Blakely v. Washington, 542 U.S. 296 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). King did not object on these grounds in the district court, and so we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

We conclude that King's guideline sentencing range was enhanced based on facts not found by the jury or admitted by King, in violation of Booker.[1]  The government concedes that Booker errors occurred and that resentencing is appropriate.  We agree and therefore vacate King's sentence and remand for resentencing.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of King's sentencing.  Hughes, 401 F.3d at 545 n.4; see generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Because we conclude that resentencing is appropriate in light of Booker and the government's concession, we decline to address King's other arguments regarding improper application of the sentencing guidelines.  These issues can be addressed by the district court when his sentence is recalculated.