*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0296p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-3336

STEVEN L. BAKER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 03-00147—Gregory L. Frost, District Judge.

Submitted: August 9, 2006

Decided and Filed: August 15, 2006

Before: MOORE and SUTTON, Circuit Judges; KATZ, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Andrew T. Sanderson, BURKETT & SANDERSON, INC., Newark, Ohio, for
Appellant. Deborah A. Solove, UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Steven Baker appeals
from the district court's entry of judgment against him on his conviction for mail fraud. Baker was
involved in a scheme to defraud the insurance company for which he worked; his role was to fill out
false sales reports and to mail them to company headquarters. On appeal, Baker argues that the
district court erred in allowing the government to introduce into evidence certain postal records used
in the scheme. For the reasons discussed below, we **AFFIRM** Baker's conviction.

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by
designation.

1

## I. BACKGROUND

Steven Baker and other Ohio-based employees[1] of Combined Insurance Company of America ("Combined") were convicted on various counts for their involvement in a scheme to defraud Combined.[2]  The first step in the scheme was the creation of "ghost agents," who were former insurance sales agents no longer working for Combined but whose names were never removed from the company's books.  Then, the defendants transferred sales made by actual agents to the ghost agents.  The defendants were able to accomplish this by asking the actual agents to turn in blank sales reports.  Baker, who did administrative work for Peter Vasilakos,[3] was responsible for filling out the sales reports; Baker testified that he also filled out and signed reports for sales agents who no longer worked for Combined.  Finally, when Combined generated the commissions for the ghost agents' accounts, the defendants had arranged to have the commission checks mailed to a post office box or other address to which the defendants had access rather than to the ghost agents themselves.

On September 19, 2003, Baker was charged with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, eight counts of mail fraud in violation of 18 U.S.C. § 1341 and § 2, and one count of conspiracy to defraud the government in violation of 18 U.S.C. § 371.  At the trial, the government called as a witness Donald Simmons, a postal inspector; Simmons presented evidence relating to the post office boxes used in the defendants' scheme to defraud Combined.  Defendant Rocky Edwards's counsel objected to the admission of a series of postal records that Simmons provided, but the district court overruled this objection.  The decision to admit this evidence is the basis for Baker's appeal and will be discussed in further detail below.  At the conclusion of the trial, the jury found Baker guilty on all counts of mail fraud but not guilty of conspiracy to defraud the government, and it was unable to reach a verdict as to the count of conspiracy to commit mail fraud.[4]  Baker was sentenced to fifteen months of imprisonment, three years of supervised release, and an $800.00 special assessment.  Baker timely appealed the district court's entry of judgment against him.

## II. ANALYSIS

### A. Admission of Postal Records

Baker contends that the district court erred in allowing the government to introduce the postal records on the basis that the records constituted inadmissible hearsay; the government responds that the evidence was properly admitted as business records pursuant to Federal Rule of Evidence 803(6).

#### 1. Standard of review

"'In reviewing a trial court's evidentiary determinations, this court reviews *de novo* the court's conclusions of law and reviews for clear error the court's factual determinations that underpin its legal conclusions.'"  *United States v. Jenkins*, 345 F.3d 928, 935 (6th Cir. 2003) (quoting *United States v. Salgado*, 250 F.3d 438, 451 (6th Cir. 2001)); *see also Field v. Trigg County*

---

[1]Baker's codefendants include Peter Vasilakos, Debbie Lent, Terence Magrey, Rocky Edwards, and Jodi Hill.

[2]All of the relevant activity occurred in the territory managed by Peter Vasilakos, who was Baker's supervisor.

[3]Baker initially worked as a sales agent, but his role shifted after he suffered a heart attack in 1996.  At that point, he began handling all of the sales reports, as well as other administrative duties.

[4]"The United States did not re-try appellant Baker on the mail fraud conspiracy."  Appellee Br. at 3.

*Hosp., Inc.*, 386 F.3d 729, 735 (6th Cir. 2004) (explaining that this court reviews de novo "a district court's conclusions of law, such as . . . whether evidence offered at trial constituted hearsay within the meaning of the Federal Rules of Evidence"); *United States v. Dakota*, 197 F.3d 821, 827 (6th Cir. 1999) (same). We note that we have also reviewed a district court's evidentiary determinations for abuse of discretion. *See, e.g.*, *United States v. Gibson*, 409 F.3d 325, 337 (6th Cir. 2005) ("We review evidentiary rulings by the district court, including alleged violations of the hearsay rule, under the abuse-of-discretion standard."); *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716-17 (6th Cir. 1999) (same).[5]

The decision as to the correct standard of review will not affect the outcome of this appeal, as "the district court's ruling on this issue should not be disturbed under either standard." *United States v. Carmichael*, 232 F.3d 510, 521-22 (6th Cir. 2000), *cert. denied*, 532 U.S. 974 (2001). However, we point out that these two standards of review are not in fact inconsistent, because "it is an abuse of discretion to make errors of law or clear errors of factual determination."[6] *United States v. McDaniel*, 398 F.3d 540, 544 (6th Cir. 2005), *quoted in United States v. Payne*, 437 F.3d 540, 544 (6th Cir.), *cert. denied*, 126 S. Ct. 2909 (2006); *see also Am. & Foreign Ins. Co. v. Gen. Elec. Co.*, 45 F.3d 135, 139 (6th Cir. 1995) ("[A] 'district court abuses its discretion only when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'") (quoting *Fleischut v. Nixon Detroit Diesel, Inc.*, 859 F.2d 26, 30 (6th Cir. 1988)), *quoted in United States v. Jones*, 107 F.3d 1147, 1154 (6th Cir.), *cert. denied*, 521 U.S. 1127 (1997).

## 2.  Failure to object at trial

The government points out that Baker's counsel did not object to the admission of the evidence in question at trial, although counsel for Baker's codefendant Edwards did so object.[7] Appellee Br. at 9; J.A. at 251 (Trial Tr. at 732). "[W]hen a party fails to object to evidence at the trial court, his contention on appeal will prevail only if the trial court's evidentiary decision was plainly erroneous, thus affecting his substantial rights and resulting in a miscarriage of justice." *United States v. Evans*, 883 F.2d 496, 499 (6th Cir. 1989). The Supreme Court has set forth the following test for plain-error review: "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (third alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If all three

---

[5]The *Trepel* court explained as follows:

The Supreme Court has recently stated that all evidentiary rulings are reviewed for "abuse of discretion." *See General Elec. Co. v. Joiner*, 522 U.S. 136, [141] (1997). There, the Court was not dealing with an alleged hearsay rule violation, but its sweeping "all evidentiary ruling" statement rather clearly means what it says. It is not clear to us how a trial court would have "discretion" to ignore the definition of inadmissible hearsay in Federal Rule of Evidence 801 or the foundation requirements for establishing exceptions to the hearsay rule under Federal Rules of Evidence 803 or 804, but it is not this court's privilege to "question why." Therefore, in disregard of our heretofore well-settled precedent that hearsay evidentiary rulings are reviewed *de novo*, *see United States v. Fountain*, 2 F.3d 656, 668 (6th Cir. 1993), we shall review the district court's ruling for an abuse of discretion.

*Trepel*, 194 F.3d at 716-17. The issue before the Supreme Court in *Joiner* was "what standard an appellate court should apply in reviewing a trial court's decision to admit or exclude expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." *Joiner*, 522 U.S. at 138-39.

[6]*McDaniel* thus concluded that *Joiner* did not require any change in our standard of review for evidentiary determinations at trial. *United States v. McDaniel*, 398 F.3d 540, 544 (6th Cir. 2005).

[7]In his brief, Baker states that "[o]bjections to this testimony were raised by each of the co-defendants." Appellant Br. at 10. However, Baker offers no citation in support of this statement, and we have found nothing in the record to indicate that Baker's counsel objected to the evidence in question.

conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id*. at 467 (third alteration in original) (internal quotation marks omitted) (quoting *Olano*, 507 U.S. at 732).

However, the government acknowledges that in certain circumstances courts have excused such a failure to object in light of an objection by a codefendant. In an analogous case, we refused to consider defendants' claims waived due to their failure to join in a codefendant's pre-trial motion to suppress evidence; we explained that "[a]dditional fourth amendment challenges by the other appellants raising the identical legal issue would neither have altered the [trial] court's ruling nor served the purposes of the pre-trial motion rule."[8] *United States v. Cassity*, 631 F.2d 461, 466 (6th Cir. 1980); *see also United States v. Westbrook*, 119 F.3d 1176, 1185 (5th Cir. 1997) ("We have sometimes allowed a defendant to preserve a district court error as long as one of his codefendants objected below."), *cert. denied*, 522 U.S. 1119 (1998); *United States v. Pardo*, 636 F.2d 535, 541 (D.C. Cir. 1980) ("We recognize that in certain situations, it may be redundant and inefficient to require each defendant in a joint trial to stand up individually and make every objection to preserve each error for appeal."); *United States v. Lefkowitz*, 284 F.2d 310, 313 n.1 (2d Cir. 1960) ("We do not regard the failure of Dryja's counsel to except as barring Dryja from seeking reversal for error in the charge; Lefkowitz's exception called the matter to the judge's attention and further exception would have been fruitless."). These cases emphasize the futility of requiring each defendant to raise a redundant objection. *Westbrook*, 119 F.3d at 1185. Baker's objection would not have served any purpose in light of the fact that the district court was made aware of the basis for the objection by Baker's codefendant. Accordingly, we do not subject Baker's claim to plain-error review, and we proceed to the merits of his claim.

### 3. Hearsay analysis

We have explained that:

A business record must satisfy four requirements in order to be admissible under Rule 803(6):

> (1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

*Jenkins*, 345 F.3d at 935 (quoting *United States v. Weinstock*, 153 F.3d 272, 276 (6th Cir. 1998)). "This information must be presented through 'the testimony of the custodian or other qualified witness[.]'" *Id*. (alteration in original) (quoting Fed. R. Evid. 803(6)). Simmons acknowledged at trial that he was not the custodian of the records, but the district court concluded that Simmons was an "otherwise-qualified witness." J.A. at 258 (Trial Tr. at 739). Baker argues that this conclusion was not supported by the evidence.

"The phrase 'other qualified witness' is given a very broad interpretation." 5-803 Weinstein's Federal Evidence § 803.08 [8][a] (2006). "To be an 'other qualified witness,' it is not necessary that the person laying the foundation for the introduction of the business record have

---

[8]The purposes of the "rule requiring criminal defendants to make their suppression motions before trial" are to avoid interruptions of trial proceedings and to provide sufficient notice to the government. *United States v. Cassity*, 631 F.2d 461, 465 (6th Cir. 1980).

personal knowledge of their preparation." *Dyno Constr. Co. v. McWane, Inc.*, 198 F.3d 567, 575-76 (6th Cir. 1999). "All that is required of the witness is that he or she be familiar with the record-keeping procedures of the organization." *Id.* at 576. At trial, Simmons stated that he had been a postal inspector for fourteen years and that he was trained in the "interworkings of the Postal Service." J.A. at 212 (Trial Tr. at 692) (Simmons Test.). Simmons clearly demonstrated his familiarity with the various details of the postal records during questioning. *See, e.g.*, J.A. at 213-18 (Trial Tr. at 693-98) (discussing the details of Postal Form 1093). Finally, Simmons testified that he compared photocopies of the documents presented at trial with actual Post Office records to ensure that they were official records. Simmons's testimony established that he was an "other qualified witness" as to the relevant records, and the district court did not err in admitting this evidence.

## B. Confrontation Clause

Baker argues that "the [district] court erred in failing to consider the application of the [C]onfrontation [C]lause[9] of the United States [C]onstitution to the use of hearsay evidence in a criminal prosecution." Appellant Br. at 17.

### 1. Standard of review

Because Baker did not raise his Confrontation Clause argument before the district court, we review this claim for plain error. *Evans*, 883 F.2d at 499. "The 'plain error' rule also applies to a case, such as this, in which a party objects to the submission of evidence on specific grounds in the trial court, but on appeal the party asserts new grounds challenging the evidence." *Id.*

### 2. Application of *Crawford*

In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held that the use at trial of out-of-court testimonial evidence violates the Confrontation Clause unless the witness is unavailable and the defendant was able to cross-examine the witness prior to trial. In so holding, "the Supreme Court noted that *testimonial* evidence is the primary object of the Confrontation Clause." *United States v. Jamieson*, 427 F.3d 394, 411 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 2909 (2006). Baker argues that the postal records and Simmons's related testimony are testimonial in nature and thus "subject to exclusion under the authority of *Crawford*." Appellant Br. at 21.

As discussed above, the postal records were properly admitted by the district court pursuant to Federal Rule of Evidence 803(6). The government correctly points out that business records are nontestimonial and therefore do not implicate the Confrontation Clause concerns of *Crawford*. Appellee Br. at 15-17. First, *Crawford* itself stated that business records "by their nature were not testimonial." *Crawford*, 541 U.S. at 56; *see also id.* at 76 (Rehnquist, C.J., concurring in the judgment) ("To its credit, the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records."). In addition, we have held that business records are nontestimonial. *Jamieson*, 427 F.3d at 411. Cases from other courts of appeals provide further support for the government's position that *Crawford* does not apply to business records. *See, e.g.*, *United States v. McIntosh*, No. 05-1782, 2006 WL 1158897, at *1 (7th Cir. May 3, 2006) (unpublished order); *United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006); *United States v. King*, 161 F. App'x 296, 297 (4th Cir. 2006) (unpublished opinion); *United States v. Shepard*, 154 F. App'x 849, 851 (11th Cir. 2005) (unpublished opinion). The district court's admission of the postal records without consideration of *Crawford*'s limitation regarding testimonial evidence was not plain error.

---

[9]The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

## C.  Harmless Error

The government argues that even if the district court erred in admitting the postal records, such error was harmless to Baker.  We apply the harmless-error test to evidentiary errors, *United States v. Johnson*, 440 F.3d 832, 847 (6th Cir. 2006), including evidence admitted in violation of the Confrontation Clause, *United States v. Pugh*, 405 F.3d 390, 400 (6th Cir. 2005).  "In determining whether an error is harmless, the reviewing court must take account of what the error meant to [the jury], not singled out and standing alone, but in relation to all else that happened."  *Pugh*, 405 F.3d at 400 (alteration in original) (internal quotation marks omitted).  "In other words, we must find that it was more probable than not that the error materially affected the verdict."  *Id*. at 401 (internal quotation marks omitted).

Baker asserts that the postal records at issue were introduced to prove that he mailed fraudulent sales reports to Combined.  However, Simmons's testimony and the accompanying exhibits were instead introduced to prove that the ghost agents' commission checks were mailed to post office boxes controlled by Vasilakos and other defendants rather than directly to the ghost agents.  In fact, Simmons testified that he had not seen Baker's name on any of the relevant documents.  Baker was convicted of mail fraud but not of conspiracy to commit mail fraud or to defraud the government, and there was more than adequate evidence of Baker's involvement in the substantive mail fraud counts.  *See, e.g.*, J.A. at 357-60 (Trial Tr. at 1851-54) (Baker Test.) (demonstrating that Baker mailed sales reports for ghost agents to Chicago every week).  Because the admission of the postal records was irrelevant to Baker's conviction, any error on the part of the district court was harmless.

### III.  CONCLUSION

For all of the reasons discussed above, we **AFFIRM** Baker's conviction.