**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hagop VARTANIAN, Defendant–Appellant.**

No. 05–10581.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Feb. 28, 2007.

---

Mark E. Cullers, Esq., Jonathan B. Conklin, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Dennis P. Riordan, Esq., Donald M. Horgan, Esq., Riordan & Horgan, San Francisco, CA, for Defendant–Appellant.

Before: WALLACE, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Hagop Vartanian ("Appellant") appeals his conviction for aiding and abetting the filing of a false tax return, in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7206(1), and two counts of aiding and abetting the making of false statements on a loan application, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1014. The facts and procedural posture of the case are known to the parties, and we do not repeat them here.[1]

Appellant contends that two distinct errors—the omission of the willfulness element from the jury instructions and the exclusion of a defense witness's testimony—independently require reversal. Since Appellant did not object at trial to the instructions, we review the jury instructions for plain error. *See United States v. Perez,* 116 F.3d 840, 845–48 (9th Cir.1997) (en banc). We review the exclusion of testimony for abuse of discretion, and we will reverse only where the erroneous evidentiary ruling "more likely than not affected the verdict." *United States v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have addressed Appellant's claims regarding dismissal of a juror in a published disposition. *See* 476 F.3d 1095 (9th Cir. 2006).

*Pang,* 362 F.3d 1187, 1192 (9th Cir.2004). We reject both of Appellant's arguments.

■ First, we conclude that the omission of an instruction on one element of the crime was not plain error because it did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The good faith instruction likely compensated for the omission, and the "record contains 'strong and convincing evidence' that the missing element of the crime was adequately proved by the prosecution, such that it is 'extremely unlikely' that a properly instructed jury would not have convicted." *United States v. Romm,* 455 F.3d 990, 1003–05 (9th Cir. 2006) (quoting *Perez,* 116 F.3d at 848); *see also United States v. Lacy,* 119 F.3d 742, 747–48 (9th Cir.1997).

■ Second, we hold that exclusion of the defense witness did not "more likely than not affect[ ] the verdict" because of the exiguous value of the witness's opinion and the cumulative nature of the government witnesses' testimony to which he was intended to respond.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.