**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0561n.06
Filed: August 8, 2007

No. 06-5974

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JOHN FELIX GREER, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**Before: KEITH, MOORE, and COLE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant John Felix Greer

("Greer") appeals his conviction for interfering with commerce by threats or violence, in violation

of 18 U.S.C. § 1951; carrying and using a firearm during and in relation to a crime of violence, in

violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18

U.S.C. § 922(g). For the reasons set forth herein, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

On October 24, 2003, Greer, by his own admission, robbed the Fashion Cents women's

clothing store in Memphis, Tennessee. He loitered in the store until closing time, when all of the

other customers had departed, leaving only Greer, store manager Cynthia Long ("Long"), and sales

clerks Sonja Jones ("Jones") and Jennifer Rosenthall ("Rosenthall") in the store. At that time, Greer

approached Long, said that he was going to rob her, and instructed her to lock the door. After Long

did so, Greer showed her a handgun in his backpack and ordered her to give him all of the money in the cash register and safe. After Long complied, Greer directed Long, Jones, and Rosenthall to accompany him to the office at the back of the store.

Once all three employees were in the back room, Greer began preparing to leave, but before he could do so, the police arrived.[1] Upon seeing the officers through the front door of the store, Greer retreated into the office, took the gun out of his backpack, and placed it on a counter. He proceeded to smoke several cigarettes and make three calls on his cellular phone. He also took some pills that he identified to Long as anti-depressants.

At some point, Greer and his hostages heard a police helicopter overhead and footsteps on the roof of the building. Greer then instructed Long to communicate to the police that he was almost ready to surrender, and she did so. While she waited for Greer to release her, Long made conversation with him, during which time he told her his name and that he had previously been convicted of, and served several years in prison for, robbery.

Greer eventually decided to give himself up, and he and Long walked to the door. Greer placed his hands on his head and told Long to open the door to the police. She did so, and the police rushed into the building and arrested Greer. The money that Greer had taken, about $800, was retrieved from his backpack and returned to the store the same night.

Greer was indicted on one count each of interference with commerce by threat or violence, in violation of 18 U.S.C. § 1951; carrying and using a firearm during and in relation to a crime of

---

[1]Although the record does not reflect precisely how the police became aware that the robbery was occurring, it appears that they may have been called by a Fashion Cents customer who noted Greer's loitering in the store but declined Long's request to remain in the store until Greer had left. *See* J.A. at 49 (Trial Tr. at 15).

violence, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). After a jury trial, he was convicted on all three counts and sentenced to a total of 324 months of incarceration. He now appeals his conviction and sentence, on the grounds that the evidence presented at trial was insufficient to support a guilty verdict and that the trial court erred in admitting witness testimony concerning the nature of his prior convictions.

## II. JURISDICTION

The district court possessed subject matter jurisdiction over this federal criminal prosecution pursuant to 18 U.S.C. § 3231. We possess appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## III. ANALYSIS

### A. Sufficiency of the Evidence

"Generally, when the sufficiency of the evidence is challenged on appeal, the standard of review is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Swidan*, 888 F.2d 1076, 1080 (6th Cir. 1989) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "However, the standard of review is different where the defendant fails to preserve his right to challenge the sufficiency of the evidence," in which case the defendant must show "a manifest miscarriage of justice." *Id.*, *cited in United States v. Emuegbunam*, 268 F.3d 377, 398 (6th Cir. 2001), *cert. denied*, 535 U.S. 977 (2002).

Here, as in *Swidan*, there is no indication in the Joint Appendix that Greer made a motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, at any time during his trial. At oral argument, counsel for both parties indicated that Greer may, in fact, have moved for

3

a judgment of acquittal at the close of trial. The district court docket does not, however, reveal the existence of any such motion, and neither party has submitted any evidence that one was made. In any event, as explained below, Greer's challenge fails under any standard of review.

Greer contends that the testimony of the prosecution's witnesses was insufficient to establish the robbery's effect on interstate commerce, which is a required element under 18 U.S.C. § 1951(a), also known as the Hobbs Act. However, "the Hobbs Act only requires a showing of a de minimis connection with interstate commerce." *United States v. Chance*, 306 F.3d 356, 374 (6th Cir. 2002); *see also United States v. Davis*, 473 F.3d 680, 682 (6th Cir. 2007).

> Traditionally, the government meets the *de minimis* standard in a Hobbs Act case under the "depletion of assets" theory. The government presents evidence that a business is either actively engaged in interstate commerce or customarily purchases items in interstate commerce, and had its assets depleted by the robbery, thereby curtailing the business' potential as a purchaser of such goods.

*United States v. Turner*, 272 F.3d 380, 385 n.2 (6th Cir. 2001) (internal quotation marks and brackets omitted), *amended on other grounds by United States v. James*, 280 F.3d 1078 (6th Cir. 2002).

Moreover, such a de minimis effect may be shown even in the absence of an actual effect upon interstate commerce:

> In order to be punishable as a substantive violation of the Hobbs Act, an [act] must have at least a *de minimis* effect on interstate commerce. There is no requirement that there be an actual effect on interstate commerce—only a *realistic probability* that an [act] will have an effect on interstate commerce.

*United States v. Peete*, 919 F.2d 1168, 1174-75 (6th Cir. 1990).

In this case, the government's evidence satisfies the requirements of the Hobbs Act. The prosecution presented testimony that the Fashion Cents location that Greer robbed was part of a chain of stores with approximately 525 outlets nationwide. The company's headquarters was in New

4

York. All of the merchandise at the Memphis store targeted by Greer was obtained from outside of Tennessee. The profits from that store, once deposited in the bank, were immediately withdrawn and transferred to New York. Taken together, this evidence demonstrates a probability that the robbery, if successful, would have impacted interstate commerce. Accordingly, Greer's sufficiency-of-the-evidence challenge fails.

## B. Admission of Testimony Concerning Greer's Prior Convictions

Greer also argues that the district court committed plain error in admitting Long's and Jones's testimony concerning Greer's statements to them, during the robbery, that he had previously been convicted of robbery. According to Greer, this evidence should have been excluded to the extent that the witnesses referred specifically to robbery,[2] as those references constituted impermissible propensity evidence and were more likely to be unfairly prejudicial than probative.[3] *See* FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."), 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

---

[2]Greer does not dispute that the government was entitled to introduce evidence that he had prior felony convictions, as such a prior conviction is a required element under 18 U.S.C. § 922(g)(1).

[3]At oral argument, Greer also took issue with the government's representation that he refused to stipulate to the fact of his prior convictions, which stipulation would have relieved the government of its obligation to present evidence on this point. Greer's counsel conceded, however, that there is no indication in the record that Greer ever offered to make such a stipulation and that the government bore the burden of proving that Greer was a convicted felon at the time of the robbery. Claims that require development of the record are usually more appropriately raised through an application for relief pursuant to 28 U.S.C. § 2255; we express no opinion on this issue here.

"A trial court's Rule 403 determination is reviewed for abuse of discretion." *United States v. Foster*, 376 F.3d 577, 592 (6th Cir.), *cert. denied*, 543 U.S. 1012 (2004). Similarly, "[i]n reviewing a district court's decision to admit evidence of 'other crimes, wrongs, or acts' under Rule 404(b), we . . . review for abuse of discretion the district court's determination that the probative value of the other acts evidence is not substantially outweighed by its unfairly prejudicial value." *United States v. Brown*, 147 F.3d 477, 482-83 (6th Cir.), *cert. denied*, 525 U.S. 918 (1998). "[I]t is an abuse of discretion to make errors of law or clear errors of factual determination." *United States v. Baker*, 458 F.3d 513, 517 (6th Cir. 2006) (internal quotation marks omitted).

Even if erroneous, however, the district court's admission of testimony that Greer had mentioned his previous robbery convictions to the victims was harmless in light of the overwhelming evidence of Greer's guilt, including his own admissions at trial that he robbed the Fashion Cents store and that he had previously been convicted of armed bank robbery. *Compare United States v. Lloyd*, 462 F.3d 510, 518 (6th Cir. 2006) (holding that any error in the admission of a 911-tape recording and expert testimony concerning a shoe print was harmless "in light of the remaining evidence of [the defendant's] guilt"). Accordingly, Greer's evidentiary challenge also fails.

## IV. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.

6