**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4449**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILAS THOMAS KING,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (3:01-cr-00210-3; 3:01-cr-00211-1)

_____

Submitted: May 11, 2007          Decided: January 30, 2008

_____

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silas Thomas King appeals his 1145-month prison sentence imposed upon remand for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). We previously affirmed King's convictions for several bank robberies and related crimes. See United States v. King, 161 F. App'x 296 (4th Cir. 2006) (unpublished) (affirming convictions and remanding for resentencing in light of Booker). We now affirm his sentence.

Counsel for King has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal but presents for our review the issue whether the district court erred in not grouping, pursuant to U.S. Sentencing Guidelines Manual § 3D1.2(b), bank robbery counts against the same victim. King reiterates this claim in his pro se supplemental brief. We have reviewed the record and conclude the district court did not err because grouping was inappropriate in King's case. See U.S.S.G. § 3D1.2, comment. (n.4). We further conclude King's sentence, which was imposed in accordance with a properly-calculated guidelines range and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), is reasonable.

King raises several additional issues in his supplemental brief. To the extent he raises issues concerning his conviction, we conclude consideration of them is precluded by the mandate rule, which "forecloses relitigation of issues expressly or impliedly

decided by the appellate court," as well as "issues decided by the district court but foregone on appeal."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

King also raises a claim of ineffective assistance of counsel.  Unless it conclusively appears from the face of the record that counsel was ineffective--and it does not here--claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000).  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Finally, in light of United States v. Muhammad, 478 F.3d 247 (4th Cir. 2007) (holding district court commits plain error if it does not afford defendant opportunity to allocute at resentencing hearing after Booker), we directed the parties to submit supplemental briefs addressing whether King could demonstrate prejudice resulting from the district court's decision not to permit him to allocute at resentencing.  No per se rule of reversal results from failing to allow the defendant to allocute, see Muhammad, 478 F.3d at 249, and we will not vacate a sentence based solely upon the Government's concession of error.  See United States v. Rodriguez, 433 F.3d 411, 414-15 n.6 (4th Cir. 2006).

For us to notice the plain error conceded by the Government, King must demonstrate "the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received."  Muhammad, 478 F.3d at 249 (quoting

United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994). After careful review of the relevant materials before the court, including the transcript of the resentencing hearing, we conclude King fails to meet this standard.

At resentencing, the district court struck all but one sentencing enhancement, thereby reducing King's sentence from a total of 1320 months' imprisonment to a total of 1145 months' imprisonment. Because a sentence of this magnitude is tantamount to a life sentence, any further sentencing reduction would have to be extraordinarily generous to provide the possibility that King could outlive it. Militating against the possibility that the district court would grant such a reduction if we remanded to accord King the right to allocute is the court's observation at resentencing that King's offenses were "about as inhumane and cruel, other than the actual taking of a human life, in the way these robberies were perpetrated, and there were a number of them." Further, in a pro se brief filed in this court, King continues to proclaim his innocence. We find no possibility remains the district court would have imposed meaningful additional sentence reductions without King acknowledging and expressing regret for his wrongdoing. Accordingly, under the particular facts presented, we conclude King fails to demonstrate prejudice from the district court's plain error at resentencing.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm King's convictions and sentence. This court requires that counsel inform King, in writing, of the right to petition the Supreme Court of the United States for further review. If King requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on King. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>