RYAN, Judge
(concurring);
I concur with the majority opinion, but write separately on two small points.
First, Appellant is entitled to avail himself of the plain error doctrine here only because Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), announced a “new rule” while his case was on direct review — not because the military judge in this case did anything wrong. See Whorton v. Bockting, — U.S. -, 127 S.Ct. 1173, 1180-81, 167 L.Ed.2d 1 (2007) (describing Crawford as creating a new, non-watershed, rule); United States v. Ziskind, 491 F.3d 10, 14 (1st Cir.2007) (applying the *161 plain error standard on direct review to a case tried before Crawford was decided); Thomas v. United States, 914 A.2d 1, 20 (D.C.2006) (applying Crawford retroactively using the plain error standard to a case on direct review).
This case illustrates the curious outcome flowing from the confluence of the retroactivity rule and the plain error doctrine. See Griffith v. Kentucky, 479 U.S. 314, 322-23, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); United States v. Olano, 507 U.S. 725, 733-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Such a posture requires us to accept, and act upon, three fictions: (1) that Crawford had been decided at the time of Appellant’s trial; (2) that, had Appellant’s trial counsel known about Crawford, he would not have forfeited his objection to the lab reports; and (3) that the military judge would have, despite Crawford, erroneously allowed the reports to be admitted.[1] See United States v. Harcrow, 66 M.J. 154, 156-57 (C.A.A.F.2008). It is apparent that it is at least a misnomer to suggest that the military judge committed error at trial here. And it remains the case that a military judge is not required to probe, inquire, or otherwise do anything when there is a lack of objection to evidence that might be objected to. See, e.g., Huddleston v. United States, 485 U.S. 681, 690 n. 7, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (noting that it is not the duty of the trial judge to sua sponte prevent the admission of objectionable evidence).
Second, evidence that qualifies under Military Rule of Evidence 803(6)’s business record exception is nontestimonial evidence. Crawford, 541 U.S. at 56, 124 S.Ct. 1354 (noting that business records “by their nature [are] not testimonial”); see also id. at 76, 124 S.Ct. 1354 (Rehnquist, C.J., joined by O’Connor, J., concurring in the judgment) (noting with approval the majority’s exclusion of business records from the definition of testimonial evidence); United States v. Magyari, 63 M.J. 123, 127 (C.A.A.F.2006) (concluding that laboratory evidence was admissible because it was not made in anticipation of litigation and was a “record of ‘regularly conducted’ activity”); United States v. Washington, 498 F.3d 225, 229 (4th Cir.2007) (admitting laboratory reports over a Confrontation Clause challenge); United States v. Ellis, 460 F.3d 920, 924 (7th Cir.2006) (recognizing that statements embodied in business records are nontestimonial); United States v. Baker, 458 F.3d 513, 519 (6th Cir. 2006) (holding that “business records are nontestimonial and therefore do not implicate the Confrontation Clause concerns of Crawford”); United States v. Hagege, 437 F.3d 943, 958 (9th Cir.2006) (holding “[b]usiness records fall outside the core class of ‘testimonial evidence,’ and thus are not subject to the absolute requirement of confrontation established in Crawford”).
But evidence is not admissible as a business record if it is made in anticipation of litigation. Compare United States v. Feliz, 467 F.3d 227, 236 (2d Cir.2006) (holding that an autopsy report was admissible as a business record because it was not made in anticipation of litigation), and United States v. Bahenar-Cardenas, 411 F.3d 1067, 1075 (9th Cir.2005) (holding “that [a] warrant of deportation is nontestimonial because it was not made in anticipation of litigation, and because it is simply a routine, objective, cataloging of an unambiguous factual matter”), with Palmer v. Hoffman, 318 U.S. 109, 113, 63 S.Ct. 477, 87 L.Ed. 645 (1943) (holding that an accident report prepared by a railroad did not qualify as business record because it was prepared in anticipation of litigation); United States v. Blackburn, 992 F.2d 666, 670 (7th Cir.1993) (holding that a report was inadmissible because it “was not kept in the course of a regularly conducted business *162 activity, but rather was specially prepared at the behest of the FBI and with the knowledge that any information it supplied would be used in an ongoing criminal investigation”), and United States v. Stone, 604 F.2d 922, 925-26 (5th Cir.1979) (holding that an affidavit prepared by a United States Treasury Department official was inadmissible because it was prepared in anticipation of litigation).
In this case, the laboratory reports were made by laboratory technicians who almost certainly knew: (1) the reports were being prepared at the request of law enforcement; (2) the evidence was gathered during an arrest; and (3) the reports were being generated in anticipation of a specific prosecution. See Harcrow, 66 M.J. at 12-13. On these facts there remains a question in my mind as to whether the reports were admissible under the business record exception to the hearsay rule either before or after Crawford.

. Of course, Crawford had not been decided. Further, I doubt anyone seriously believes that the defense counsel would have preferred having the laboratory technicians "testify” and be subject to cross-examination in this case: Where there is no suggestion that there was any laboratory error, any reasonable attorney would presumably prefer an anemic paper exhibit to live testimony and the exhibit. And I further question whether the military judge, faced with a Crawford objection to the laboratory reports, would have overruled it, or, if he had granted it, that the Government would not have requested a recess and brought the requisite witnesses to testify.