NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0662n.06
Filed: November 3, 2008

No. 06-6510

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
|     Plaintiff-Appellee, ) | |
| ) | |
| v. ) | APPEAL FROM THE UNITED STATES |
| ) | DISTRICT COURT FOR THE EASTERN |
| THOMAS JEFFRESS, ) | DISTRICT OF TENNESSEE |
| ) | |
|     Defendant-Appellant. ) | |

Before: KENNEDY, SUTTON, and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge. Thomas Jeffress appeals his felon-in-possession-of-a-firearm

conviction. *See* 18 U.S.C. § 922(g). Because the alleged errors in the district court's evidentiary

rulings were at most harmless, we affirm.

I.

In January 2004, a police officer in Bradley County, Tennessee watched Jeffress drive

through a stop sign, careen briefly off the road and drive through a red light. The officer pulled

behind Jeffress and activated his lights. Rather than stop his car, Jeffress accelerated onto Interstate

75, prompting a chase that continued for nearly 15 miles at speeds "in excess of 90 to 100 miles an

hour," with Jeffress often driving on the shoulder. JA 75. Jeffress eventually exited the highway,

spinning out of control at the bottom of the exit ramp. When he regained control and re-entered the

highway, two officers in a second police car followed him and took the lead position in the pursuit. Within a few miles, traffic grew congested. Jeffress crashed into the car in front of him, came to a stop, and exited his car holding a loaded .38 caliber revolver. Two officers exited the lead car with their weapons drawn. Jeffress put his weapon on the ground, and the officers arrested him.

A grand jury charged Jeffress with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He waived his right to a jury trial, after which the district court found him guilty at the conclusion of a bench trial. At his sentencing hearing, Jeffress told the judge that he had lied "[a]bout not wanting a jury trial," JA 61, and asked for a trial by jury. The court granted the request and vacated Jeffress's conviction.

During the jury trial, Jeffress stipulated that he had been convicted of a felony before his arrest on this charge and that the gun at issue had traveled in interstate commerce. Three officers testified to the details of the chase, and two officers testified that they saw Jeffress exit the car with a gun in his hand. Jeffress also testified that he exited the car with a gun in his hand. The jury found Jeffress guilty, and the court sentenced him to 293 months in prison.

II.

On appeal, Jeffress challenges two of the district court's evidentiary rulings. First, he claims that the district court improperly allowed the government to ask Jeffress about his false statements at the waiver-of-a-jury-trial hearing. Second, he claims that the court improperly allowed the government to ask Jeffress about his prior convictions on cross examination. We review a district court's evidentiary rulings for abuse of discretion, *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882,

2

897 (6th Cir. 2004), and will not reverse a jury verdict unless the evidentiary ruling was mistaken and affected the verdict (which is to say, it was not harmless), *United States v. Baker*, 458 F.3d 513, 520 (6th Cir. 2006).

We ordinarily address the propriety of evidentiary rulings before considering the harmlessness of an error. But in this case Jeffress has offered no plausible theory by which these alleged errors could have affected the verdict, nor can we identify any such theory, and accordingly we move straight to the potential effect of these alleged errors on his jury conviction. Neither set of questions related to, or elicited testimony about, the August 2004 incident. And to the extent the questions were designed to impeach Jeffress, they still had no conceivable effect on the verdict. When it comes to the elements of a § 922(g)(1) charge, there was no relevant conflict between Jeffress's testimony and the testimony of the three officers. Jeffress, indeed, admitted the elements of the charge: He testified that he exited his car while holding the firearm and stipulated that he was a felon and that the firearm in question traveled in interstate commerce.

No doubt, questions about a defendant's prior convictions for robbery and aggravated robbery in some settings might influence the jury's conclusion about the elements of a § 922(g) charge. But that possibility is too remote when the defendant *admits all three elements of the charge* and offers no plausible defense. *Cf. United States v. Lawson*, 535 F.3d 434, 439 n.1 (6th Cir. 2008); *United States v. Daniel*, 134 F.3d 1259, 1262–65 (6th Cir. 1998). Because Jeffress admitted to satisfying all three elements of a felon-in-possession charge, because he offered no plausible defense and because it is not "more probable than not that [any alleged] error materially affected the verdict" in

this setting, *Baker*, 458 F.3d at 520 (internal quotation marks omitted), Jeffress's challenge to his conviction fails as a matter of law.

III.

For these reasons, we affirm.

4