NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0889n.06

**No. 13-4435**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| WILLIAM DAVID TAYLOR, SR., | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Dec 01, 2014
DEBORAH S. HUNT, Clerk

BEFORE: COLE, Chief Judge; GRIFFIN, Circuit Judge; and CARR, District Judge.[*]

GRIFFIN, Circuit Judge.

William Taylor appeals his convictions for willfully providing false information on his income tax returns. Taylor contends (1) that the district court made two reversible evidentiary missteps; (2) that the jury received an erroneous "willfulness" instruction; and (3) that there was insufficient evidence presented at trial that his conduct was willful. Concluding that Taylor's assertions are without merit, we affirm.

I.

Taylor was indicted on two counts of willfully providing false information on his income tax returns for tax years 2006 and 2007, in violation of 26 U.S.C. § 7206(1). At trial, the government presented evidence that he had participated in multiple real estate ventures in 2006

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

and 2007 with various investors and clients. Unbeknownst to these individuals, Taylor diverted substantial portions of their capital investments in the business ventures to his own personal use. Funds from one of the real estate ventures, for example, went towards purchases associated with a theme park, a consumer electronics store, an investment broker, Toys-R-Us, a pediatrician, a clothing store, a cinema, cable television, a class ring, car insurance, car repairs, and Taylor's hobby of flying airplanes—none of which were related to the real estate venture in question. Funds belonging to another real estate venture were spent by Taylor on similar personal items, including dinners, clothing, accessories, college entrance exams, health insurance, renovations of Taylor's personal residence, electronics, personal hygiene products, automotive repairs, credit card bills, his airplane, car payments, medical bills, pediatric care, groceries, wireless internet, and sports equipment.

The investors whose money Taylor spent in this manner testified that he provided them with inaccurate records of where the money in the ventures' business accounts was being spent. Despite their increasingly insistent requests that Taylor give them an accurate accounting of his expenditures, the investors did not realize until their money had been fully drained from the accounts that Taylor had spent substantial portions of it on himself instead of on the businesses, leaving the investors with nothing. The investors and clients involved in those business ventures lost at least $600,000, all told. Bank account records were introduced at trial, witnesses involved in the business ventures identified which expenditures made by Taylor were not authorized business expenses, and the results were tallied by an expert witness. In 2006 and 2007, Taylor claimed on his income tax forms that he had received $51,967 and $33,272 in annual income, respectively. According to the government's expert, the personal expenditures that Taylor made

with his investors' money meant that the numbers that he provided to the IRS underreported his personal income by $110,481.03 and $189,389.21 for the two years in question.

The jury convicted Taylor of both charges, and he received a thirty-month sentence. He now appeals.

II.

A.

Taylor's first argument is that the district court erroneously admitted (1) evidence of his possibly fraudulent behavior with respect to the investors in the pertinent real estate ventures, and (2) certain of his bank account records. We review a district court's evidentiary rulings for an abuse of discretion, which occurs when the district court "relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard," *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012) (internal quotation marks omitted), or when we are "firmly convinced that a mistake has been made, *i.e.*, when we are left with a definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Heavrin*, 330 F.3d 723, 727 (6th Cir. 2003) (citation omitted). Even if the district court's evidentiary ruling was erroneous, it amounts to reversible error "only if it was not harmless; that is, only if it affected the outcome of the trial." *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 510 (6th Cir. 2013).

Taylor contends that the admission of evidence describing his interactions with the other participants in his real estate schemes was inadmissible under Federal Rule of Evidence 404(b), which prohibits admission of "a crime, wrong, or other act" to malign a defendant's character. *Id.* But Taylor is mistaken. As the government points out, it was required to prove that Taylor "[w]illfully" filed tax returns that he did "not believe to be true and correct as to every material

matter." 26 U.S.C. § 7206(1). Evidence about Taylor's interactions with his investors was necessary to show that he had received a substantial amount of personal income that he purposefully failed to report on his income tax forms for the two years in question. Without this testimony, the government would have been unable to show that Taylor had come into possession of any funds that he should have reported as income. Because the evidence about which Taylor complains was a necessary component of the government's case, it did not pertain to otherwise irrelevant "other act[s]" admitted only to prove his character. *See United States v. Pritchett*, 749 F.3d 417, 432 (6th Cir. 2014); *United States v. Rozin*, 664 F.3d 1052, 1063–64 (6th Cir. 2012). The district court did not abuse its discretion in admitting it.

Taylor also protests that the district court erroneously permitted the introduction into evidence of certain bank records absent a foundation properly laid by a competent custodian under Federal Rule of Evidence 803(6). As Taylor admits, however, he did not contemporaneously object to the records' introduction at trial. We therefore review their admission only for plain error. *See United States v. Knowles*, 623 F.3d 381, 385 (6th Cir. 2010).

We see no error here. Rule 803(6) permits the prerequisites for business records' admission to be shown by the testimony of the records custodian "or another qualified witness." *Id.* This phrase "is given a very broad interpretation." *United States v. Baker*, 458 F.3d 513, 518 (6th Cir. 2006) (citation omitted). The witness does not need to have personal knowledge of the records' preparation; it is enough if "he or she [is] familiar with the record-keeping procedures of the organization." *Id.* (citation omitted). Especially in the absence of any contemporaneous objection, this relatively lax standard defeats Taylor's argument. Both of the pertinent witnesses testified that they were generally familiar with the way that their institutions kept records and that the records in question were kept in the ordinary course of the institutions' activity. Taylor

did not object to the records subsequent admission. Under these circumstances, the district court did not plainly err in failing to sua sponte challenge the foundation laid for their admission under Rule 803(6). Taylor's argument to the contrary is without merit.

B.

Next, Taylor contends that the district court erroneously instructed the jury regarding § 7206(1)'s requirement that a defendant act "[w]illfully." We agree with Taylor that the instruction in question is somewhat incomplete. The district court instructed the jury that "[t]he term willfully, as used in these instructions to describe the defendant's state of mind, means that he knowingly performed an act deliberately and intentionally as contrasted with accidentally, carelessly or unintentionally." Missing from its explication of the pertinent standard is the long-standing recognition that § 7206(1)'s willfulness requirement obligates the government to prove the defendant's "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991); *see United States v. Pomponio*, 429 U.S. 10, 12 (1976).

Nevertheless, Taylor concedes that, because he made no objection at trial to the instruction in question, our review is only for plain error. *See Knowles*, 623 F.3d at 385. This requires a showing of (1) error (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings" such that we should exercise our discretion to correct it. *United States v. Miller*, 734 F.3d 530, 536–37 (6th Cir. 2013) (citation omitted). Even assuming that an error is "plain," a defendant's substantial rights ordinarily are affected only if the error was "prejudicial"; that is, if it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). And unlike under a typical harmless error analysis, *see O'Neal v. McAninch*, 513 U.S. 432, 437–38 (1995), the party seeking relief on the basis of plain error bears "[t]he burden of

persuasion . . . to make a specific showing of prejudice." *United States v. Jones*, 108 F.3d 668, 672 (6th Cir. 1997) (en banc).

Taylor has made no such showing. We have observed that a willfulness instruction is the inverse of an instruction on a good-faith defense, *see United States v. Damra*, 621 F.3d 474, 502 (6th Cir. 2010), and Taylor argues only that the district court's instruction improperly failed to require the jury to decide whether he acted in good faith in failing to report as income the funds that he obtained from his investors. But the remaining elements of § 7206(1), unlike those of many other criminal tax statutes, *see*, *e.g.*, 26 U.S.C. §§ 7201, 7203; *Cheek*, 498 U.S. at 193–94, overlap in significant ways with the tax code's generally applicable willfulness requirement because they require a finding regarding the defendant's subjective beliefs. *See United States v. Tarwater*, 308 F.3d 494, 506 (6th Cir. 2002) (characterizing § 7206(1) as a "perjury statute"). Even under the district court's partially incomplete instruction, the jury was permitted to convict Taylor only after it found that he "deliberately and intentionally" filed tax documents that he did "not believe to be true and correct as to every material matter." 26 U.S.C. § 7206(1). In other words, even absent the willfulness requirement, the jury in convicting Taylor needed to find that he knew and believed that his income was reportable before it could find that he purposefully filed tax forms that he subjectively believed were materially false.

As a result, Taylor's argument rings hollow when he claims that the result of his trial would have been different if the jury had been more precisely instructed. After all, in finding him guilty even under the incomplete instruction, the jury necessarily rejected Taylor's assertion that he subjectively believed that he did not need to report the income in question to the IRS. The jury found that Taylor knew that he was providing materially false information to the IRS but did it anyway. Thus, for the proper jury instruction to have made a difference in Taylor's

case, the jury would have had to accept his argument that he in good faith did not know that it was unlawful for him to deliberately lie to the IRS about a material tax matter.

Taylor points to nothing that supports his argument that the jury would have credited this assertion. That is not surprising. The tax code's heightened willfulness requirement is intended to ensure that the criminal law does not penalize "taxpayers who earnestly wish to follow the law" but make "innocent errors . . . despite the exercise of reasonable care," due to "the complexity of the Internal Revenue Code." *Cheek*, 498 U.S. at 205 (internal quotation marks and citations omitted). A defendant's erroneous beliefs about the law's requirements do not need to be objectively reasonable in order for them to negate willfulness, but "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws." *Id.* at 203–04. Taylor has made no showing that a properly instructed jury would have found that he believed in good faith that it was legal for him to lie to the IRS about an important matter—that is, to file tax returns with the IRS that he subjectively believed were materially false. *See United States v. Aaron*, 590 F.3d 405, 409 (6th Cir. 2009) (noting that a district court is not required to define the concept of willfulness and declining to find plain error where the defendant did not show that the district court's failure to define willfulness affected his conviction under § 7206(1)). *See also United States v. Griffin*, 524 F.3d 71, 78 (1st Cir. 2008) (noting that there is very little daylight between a proposed instruction that the defendant "had to know that her statements [to the IRS] were false" and an instruction that the defendant intentionally violated a known legal duty under the tax code); *United States v. Vartanian*, 223 F. App'x 662, 664 (9th Cir. 2007) (declining to find plain error where a defendant was convicted of § 7206(1) despite a

lack of a willfulness instruction because "it is extremely unlikely that a properly instructed jury would not have convicted" the defendant anyway (internal quotation marks omitted)).

If Taylor had raised the issue in the district court and lost, he would have a much stronger claim that he is due a reversal on this basis, given that our review would have been de novo and that the government, not Taylor, would have been required to shoulder the burden of demonstrating the error's effect. But Taylor failed to make any such objection in the district court and has likewise failed to seriously pursue it before ours. We conclude that Taylor has not surmounted the significant hurdle of demonstrating that his case presents the "exceptional circumstances" prompting us to grant him relief for plain error in order "to avoid a miscarriage of justice." *Miller*, 734 F.3d at 537. *See also United States v. Monus*, 128 F.3d 376, 387 (6th Cir. 1997) (holding that a defendant convicted under § 7206(1) had not demonstrated plain error when the district court told the jury only that it needed to find that he acted "willfully" where the defendant had not asked for "more detailed jury instructions").

## C.

Finally, Taylor argues that the evidence at trial was insufficient to permit a jury finding that he acted willfully. We review Taylor's insufficiency claim de novo, asking whether any "rational trier of fact could have found the contested elements of the crime beyond a reasonable doubt." *United States v. Garcia*, 758 F.3d 714, 718 (6th Cir. 2014). The evidence is viewed in the light most favorable to the prosecution, meaning that "[t]he defendant bears a very heavy burden when he challenges the sufficiency of the evidence." *Id.* (internal quotation marks omitted).

Although Taylor asserts that "a person could in good faith believe" that the distributions he took from the pertinent business ventures were not reportable income, he is incorrect that the

evidentiary record was too sparse to allow the jury to find that he in fact harbored no such belief. Circumstantial evidence is relevant to this question, *see Tarwater*, 308 F.3d at 504, and the evidence at trial showed significant reason to suspect that Taylor knew that the funds he siphoned from his investors and clients to spend on himself were neither loans nor business expenses. The evidence suggests that he affirmatively misled his investors about how he was spending their money, causing aggregate losses in excess of $600,000 while spending at least $300,000 of the funds on personal expenses for himself instead of in furtherance of the pertinent business ventures. Taylor had every incentive not to document in his federal tax filings his personal use of his investors' money, and, in the end, he reported to the IRS only a small fraction—slightly more than twenty percent—of the funds that were at his personal disposal during the years in question. "[E]vidence of a defendant's attempts to avoid making records, to conceal assets, or to mislead others is probative of the did-not-believe-the-return-to-be-true element of a section 7206(1) offense." *Id.* at 506. On this evidence, the jury was free to reject Taylor's insistence that he believed that the misappropriated funds functioned as a personal line of credit, rather than as income. The trial testimony provided a sufficient basis to support the jury's inference that Taylor subjectively believed that the funds in question should have been reported as income to the IRS but chose not to do so.

III.

For these reasons, we affirm the judgment of the district court.