# In the

# United States Court of Appeals

## For the Seventh Circuit

————

No. 03-3166

JIMMIE E. SMALL,

*Plaintiff-Appellant,*

v.

ELAINE E. CHAO, Secretary of the
Department of Labor, *et al.*,

*Defendants-Appellees.*

————

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 C 3191—**Jeanne E. Scott**, *Judge.*

————

ARGUED APRIL 16, 2004—DECIDED FEBRUARY 14, 2005

————

Before EASTERBROOK, RIPPLE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Jimmie Small's case arises from his effort to obtain paralegal training at government expense. He sued federal, state, and local entities on a variety of theories, none of which survived the district court's scrutiny. That court dismissed his claim against the Secretary of Labor for lack of subject matter jurisdiction, and it dismissed his claims against the remaining defendants for failure to state a claim (principally because he could not show that any of the defendants was his employer). We affirm the district court's judgment.

**I**

At the time of the events in question, Small lived in a homeless shelter courtesy of defendant Two Rivers Regional Council of Public Officials (Two Rivers). In order to remain in the shelter, Small was required by the Illinois Department of Commerce and Community Affairs (IDCCA) to attend training and employment seminars. Assisting him in this endeavor, Two Rivers sent Small information about educational courses, including information about a paralegal training course. This interested Small. Taking advantage of the Job Training Partnership Act (JTPA)[1], he applied some time around September 1996 for money (through Carl Sandburg College, which administered the JTPA courses) to allow him to enroll in a paralegal course at Gem City College. Unfortunately for him, Carl Sandburg College denied his application because paralegal training is a high cost program, the demand for paralegals is low, and Small could not demonstrate that there was anyone waiting to hire him after he completed his training.

Immediately after his application was denied, Small filed internal complaints of discrimination with Two Rivers and Carl Sandburg College. Apparently, however, his complaints were misplaced or put on the back burner, as it was not until 1999 that IDCCA considered them. At that time, the West Central Work Force Development Council (WCWDC) conducted a hearing into Small's complaints. Small alleges that the hearing officer threatened him with reprisals if Small failed to accept an informal resolution of his claims.

Convinced that the WCWDC and the IDCCA were violating the law, Small filed a complaint with the U.S. Department of Labor (Labor), claiming that Carl Sandburg

---

[1] The JTPA has since been superseded by the Workforce Investment Act of 1998, 29 U.S.C. § 2801, *et seq.* See 29 U.S.C. § 2940(b).

College, Two Rivers, and the IDCCA had discriminated and retaliated against him because of his status as an indigent person. Labor investigated and found that there was insufficient evidence to support Small's claims. It found instead that Carl Sandburg College's stated reasons for refusing to fund Small's training—unreasonable cost, low market demand, and lack of a concrete job prospect—were legitimate and non-discriminatory. Small appealed Labor's finding to this court, which dismissed his attempt at review for lack of jurisdiction. *Small v. Chao*, No. 01-3603 (unpublished order, November 14, 2001) (7th Cir. 2001).

In July 2002, Small (proceeding *pro se*) filed the present claims against Labor, Carl Sandburg College, Two Rivers, the IDCCA, and the WCWDC. Small claimed that the state and local defendants had discriminated against him on the basis of sex, age, and religion, and that Labor had retaliated against him for filing a claim when it failed to initiate enforcement proceedings based upon his earlier claim. Small styled his complaint as a Title VII employment discrimination action. The state and local defendants moved to dismiss for failure to state a claim for the straightforward reason that Small had no employment relationship, nor any potential employment relationship, with any of them. Labor moved to dismiss for lack of subject matter jurisdiction, arguing that the order Small was attacking did not fall within any of the categories of final orders that are reviewable in the court of appeals pursuant to 29 U.S.C. § 1578, and that the decision not to initiate enforcement actions was committed to agency discretion for purposes of 5 U.S.C. § 701(a)(2). The district court granted both motions and entered final judgment against Small.

## II

### A

We consider first the question whether the district court had jurisdiction over Small's claims against Labor. We review *de novo* the agency's motion under FED. R. CIV. P. 12(b)(1) to dismiss the claims against it for lack of subject matter jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Small first filed a complaint with Labor in 2000, claiming, as he does in the present case, that Two Rivers, Carl Sandburg College, IDCCA, and the WCWDC had discriminated against him on account of his race, age, sex, religion, disability, and that they had all retaliated against him. As we have noted, Labor investigated and found insufficient evidence to support Small's claim; Small appealed; and this court dismissed for lack of jurisdiction.

Small again asks us to review Labor's decision, although he has re-cast his complaint as one based on alleged retaliation—namely, that Labor's decision not to initiate proceedings was done to retaliate against him for filing a claim. Small maintains that his shift in theory has substantive consequences: rather than presenting a claim for administrative review, as he did before, he is now asserting that Labor violated his civil rights. Any relief Small seeks, however, requires an inquiry into why Labor chose not to initiate enforcement proceedings on Small's behalf. Whether Small couches this inquiry in a claim for administrative review or in a civil rights complaint, we do not have jurisdiction to review this type of agency inaction. See 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 832 (1984); *Aircraft Owners Pilots Ass'n v. Hinson*, 102 F.3d 1421, 1426-27 (7th Cir. 1996); *Arnow v. U.S. Nuclear Regulatory Comm'n*, 868 F.2d 223, 228-36 (7th Cir. 1989) (dismissing for lack of jurisdiction petition for review of agency's refusal to initiate enforcement proceedings). We note as well that even if Small could overcome the jurisdic-

tional hurdle, his claim for money damages and injunctive relief against Labor would fail because it does not fall into any acknowledged waiver of the federal government's sovereign immunity. See generally *Lane v. Peña*, 518 U.S. 187, 192 (1996); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990).

### B

Small's claims against the remaining defendants are equally without merit. His complaint states at the outset that these claims are based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f) and 2000e-16(c), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 626(c)(1) and 633a(c). Consistent with that theory, prior to filing his suit in district court, Small filed a charge with the EEOC outlining his claims of discrimination. At the district court, the defendants filed motions to dismiss because Small did not, and could not, allege an employment or prospective employment relationship with any of them. The district court granted the motions. We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim. *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001).

While the district court's dismissal was an appropriate response to Small's employment-related claims, Small insists that his complaint can be read to state a variety of other claims. He is correct. In reading his complaint, one must also consider the possibility that he has stated a claim under 42 U.S.C. § 1983. In Small's brief on appeal, he urges us to find not only that the complaint states a claim under § 1983, but also under 42 U.S.C. § 1985; *Bivens v. Six Unknown and Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); 42 U.S.C. § 2000d; and Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681-1688 (1994).

The law does not require Small to plead any legal theories, see *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004), and particularly since he filed his complaint *pro se*, he should not be held to the one incorrect theory he did name. Instead, we should ask whether any set of facts consistent with the complaint would give him a right to recover, no matter what the legal theory. See FED. R. CIV. P. 8(a); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). We therefore consider whether his case should go forward on any of these alternate grounds against the remaining parties.

We start with IDCCA. Small cannot assert a § 1983 action against IDCCA, for the simple reason that, as part of the State of Illinois, it is not a "person" within the meaning of § 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003). Any possible claim under § 1985 is doomed for the same reason. *Id.* On the face of Small's complaint, it is apparent that any other federal civil rights claims that he might be able to state against IDCCA are barred by the applicable two-year statute limitations. See *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995); 735 ILCS 5/13-202 (2002). (Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under FED. R. CIV. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred, as this is. See *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000).) The last act that IDCCA took against Small occurred on October 19, 1999, obviously more than two years before July 2002 when Small filed his complaint. Small finally suggests a *Bivens* action, but that theory applies only to federal actors, and so is inapplicable to Small's claims against the state defendants. See *Bivens*, 403 U.S. 388.

Left are Small's claims against Two Rivers, Carl Sandburg College, and the WCWDC. Small raises these

claims only against the organizations—not any individual actors. To state a claim against a municipal or local entity, "a complaint must allege that a constitutional deprivation was caused by an official policy or custom." *Arlotta v. Bradley Center*, 349 F.3d 517, 521-22 (7th Cir. 2003). A government entity is liable under § 1983 only when an official policy or custom inflicts the injury of which the plaintiff complains. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). Small's complaint fails to allege that any official policy caused his injuries; he says only that various individual actors deprived him of his rights. Therefore, under *Monell*, his claims against all three entities must fail. *Monell* also bars any § 1985 claims against these defendants.

As with the state, any other possible federal civil rights claims against these defendants are barred by the statute of limitations. *Sanders*, 56 F.3d at 775. *Bivens* is as inapplicable to local and municipal actors as it is to the state. Nor can he succeed on a potential Title IX claim. First, it would be barred by the statute of limitations. In addition, only Carl Sandburg College is an educational institution within the meaning of Title IX, but Small does not claim that Carl Sandburg College discriminated against him as a student, or that he was attempting to become a student at Carl Sandburg College. Lastly, the district court declined to exercise its supplemental jurisdiction over whatever state law claims Small asserted or attempted to assert. Small did not appeal from that dismissal.

## III

Reading Small's complaint as liberally as possible, we still must conclude that Small has not stated a claim against any of the state or local defendants. Moreover, as we have

explained, the district court had no jurisdiction over his claim against the federal defendant. We therefore AFFIRM the judgment of the district court.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*