[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 17, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-10169
Non-Argument Calendar

_____

D. C. Docket No. 04-00001-CR-1-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD RYAN SHEPARD, JR.,
a.k.a. Ronald Ryan Sheppard, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 17, 2005)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ronald Ryan Sheppard, Jr., appeals his convictions and sentences for wire

fraud. 18 U.S.C. § 1343. Sheppard makes three arguments on appeal: (1) the district court erroneously admitted evidence of other acts, under Federal Rule of Evidence 404(b); (2) the evidence presented at trial was insufficient to support the verdict; and (3) the district court erred when it enhanced his sentence for the use of sophisticated means and denied a downward departure. Because the district court did not abuse its discretion when it admitted the evidence of other acts and the evidence at trial supports the verdict, we affirm the convictions. Because the district court properly applied the Sentencing Guidelines, we also affirm the sentences.

## I. BACKGROUND

Sheppard was indicted on ten counts of wire fraud, which involved acts against Tennessee Dressed Beef Company and Westex Cattle Company. The indictment alleged that, in 1999, Richard Hall and Sheppard formed Ron Shepard Cattle Company as a division of the Tennessee Dressed Beef Company. As part of the business arrangement, Sheppard bought and sold cattle for the Tennessee Dressed Beef Company and split the proceeds with Hall. Sheppard operated from Florida and sent invoices to Hall in Nashville, Tennessee, by fax. In 2000, Hall discovered that invoices sent to him by Sheppard falsely recorded sales of cattle and other falsities.

2

The indictment also alleged that, in 2001, Sheppard entered into an agreement with Joey Patterson to form the Westex Cattle Company. The agreement provided that Sheppard would buy and sell cattle, Patterson would provide financing, and the two would split the profits. Under the agreement, Sheppard was required to send invoices by fax to Patterson in Texas. The indictment alleged that from April 2001 to July 2001 Sheppard sent Patterson multiple invoices that falsely stated sales of cattle or the number of cattle sold. Sheppard deposited the money he received based on the fictitious invoices into his personal bank account.

A jury found Sheppard guilty of six of the ten counts. The jury found that the total amount of loss was $256,000. The jury attributed a loss of $176,000 to Patterson and a loss of $89,000 to Hall.

The district court sentenced Sheppard to concurrent sentences of 57 months of imprisonment on each count. When it applied the Sentencing Guidelines, the district court imposed a two level enhancement for the use of sophisticated means. The district court also denied Sheppard's motion for a downward departure based on diminished capacity.

## II. STANDARD OF REVIEW

"We review the district court's evidentiary rulings for an abuse of

3

discretion." United States v. Hasner, 340 F.3d 1261, 1274 (11th Cir. 2003). "We review a defendant's challenge to sufficiency of the evidence de novo." United States v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005). We review the findings of fact of the district court for clear error and the application of the Sentencing Guidelines de novo. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

### III. DISCUSSION

Sheppard makes two arguments regarding his convictions and one argument regarding his sentences. We first address the arguments that challenge the convictions and then address the challenge to his sentences.

*A. The District Court Did Not Abuse Its Discretion in Its Evidentiary Rulings.*

Sheppard argues that the district court erroneously admitted business records and financial statements, under Federal Rule of Evidence 404(b), and the admission of those records violated the Confrontation Clause as interpreted in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004). Sheppard argues that because the records admitted by the government contained evidence regarding offenses that were not charged in the indictment, the records were unduly prejudicial under Rule 404(b). This argument fails.

The records were admissible. Under Rule 404(b) "[e]vidence of other

4

crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." "[E]vidence of criminal activity other than the charged offense[, however,] is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) . All of the records of which Sheppard complains involved conduct that arose out of the same series of transactions as the charged offense, were necessary to complete the story, were inextricably intertwined with the evidence, and were not unduly prejudicial. The admission of the records also did not violate the Confrontation Clause, under Crawford, because the evidence was not testimonial. The district court did not abuse its discretion when it admitted the evidence.

*B. The Evidence Was Sufficient to Support the Convictions.*

Sheppard argues that the district court erroneously denied his motion for judgment of acquittal because the evidence was not sufficient to support his convictions. Sheppard argues that the evidence did not prove his intent to defraud because Hall and Patterson had a duty to verify the truth of Sheppard's assertions to them. He argues that a "person of ordinary prudence would not rely on [the]

5

representations of a seller, in short, a 'scheme to defraud' has not been proved where a reasonable juror would have to conclude that the representation is about something which the customer should, and could, easily confirm." This argument fails.

Section 1343 provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, . . . transmits or causes to be transmitted by means of wire . . . any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice" is guilty of wire fraud. 18 U.S.C. § 1343. To establish a violation of section 1343 the government must prove that the defendant "(1) intentionally participated in a scheme to defraud; and (2) used the mails to further that scheme." United States v. Brown, 40 F.3d 1218, 1221 (11th Cir. 1994). The government presented ample evidence that Sheppard intentionally and successfully defrauded his business partners, and Sheppard used faxes, sent interstate, in the course of his scheme. The district court did not err when it denied the motion for acquittal.

C. *The District Court Correctly Applied the Sentencing Guidelines.*

Sheppard argues that the district court erred when it applied an enhancement to his sentence for the use of sophisticated means and denied a downward departure for diminished capacity. We reject Sheppard's first argument and are

6

without jurisdiction to review the second.

First, as to the sophisticated means enhancement, section 2B1.1 of the sentencing guidelines instructs the district court to apply a two-level enhancement if "the offense otherwise involved sophisticated means." U.S.S.G. 2B1.1(b)(8)(C) (2003). Sophisticated means is defined as "means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." Id. cmt. n.7(B). Sheppard's scheme involved the use of duplicate, altered, and fictitious invoices to defraud his business partners. We cannot say that the conclusion of the district court that this conduct qualified Sheppard for the sophisticated means enhancement was clearly erroneous.

Second, we are without jurisdiction to review the decision of the district court not to apply a downward departure if the district court recognizes its authority to depart. United States v. Winningear, 422 F.3d 1241, 1245 (11th Cir. 2005). The parties do not dispute that the district court recognized its authority to depart. The refusal of the district court to depart downward is not properly before us.

Although the district court sentenced Sheppard under a mandatory guideline system, Sheppard did not make any argument under United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), in his initial brief to this Court. Sheppard's only

7

mention of the Booker decision in his initial brief was in his statement regarding oral argument in which he wrote, "This case was tried in the generation of Blakely vs. Washington, 542 U.S. 512 (2004), Booker and Fann Fann, 2005 WL 50108 (U.S. 2005) and will pose sentencing issues currently being considered by Federal Court [sic] in a new light." Any argument regarding the error of the district court when it sentenced Sheppard under a mandatory system of guidelines is waived. See United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005).

## IV. CONCLUSION

We affirm Sheppard's convictions and sentences.

**AFFIRMED.**