**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2007[*]
Decided October 9, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1649

| | |
|---|---|
| VICTOR WAKLEY and JULIE WAKLEY, <br> *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 1:06-cv-1503-SEB-VSS |
| NATIONAL CREDIT UNION ADMINISTRATION, <br> *Defendant-Appellee.* | Sarah Evans Barker, *Judge.* |

**O R D E R**

Victor and Julie Wakley brought suit in Indiana state court as third-party plaintiffs against the National Credit Union Administration (NCUA), alleging that the NCUA negligently failed to investigate the Indiana Members Credit Union (IMCU) pursuant to the Federal Credit Union Act. After the NCUA removed the case to federal court, the district court granted the defendant's motion to dismiss for failure to exhaust administrative remedies. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

This case arises out of a dispute between the Wakleys and the IMCU over an amount the IMCU removed from the Wakleys' bank account. The Wakleys wrote a letter to the IMCU demanding that it return the funds. They also sent a copy of the letter to the Federal Deposit Insurance Corporation, who forwarded it to the NCUA, the federal agency that supervises federally chartered credit unions. The NCUA, in turn, wrote to the Wakleys explaining that it forwarded their letter to the Indiana agency that oversees state-chartered credit unions.

The IMCU then sued the Wakleys in Indiana state court seeking payment on a loan. The Wakleys filed a third-party claim against the NCUA, alleging that it negligently failed to investigate the IMCU's lending practices. The NCUA removed the case to federal court, where the parties agreed that the Wakleys' claim could only be actionable under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 1346.

The NCUA moved to dismiss the Wakleys' third-party claim, arguing that the Wakleys failed to exhaust their administrative remedies because they did not first notify the NCUA about the claim before filing suit. In response, the Wakleys contended that their letter to the IMCU demanding the return of their money, which had been forwarded to the NCUA, constituted sufficient notice of their claim. The district court granted the NCUA's motion to dismiss, holding that the Wakleys did not exhaust its claim before filing suit. The court then denied as futile the Wakleys' motion to amend their complaint to substitute the United States for the NCUA as the appropriate defendant. The court also denied the Wakley's post-judgment motion, where the Wakleys argued for the first time that the exhaustion requirement was unconstitutional.

We review de novo a district court's grant of a motion to dismiss for lack of subject-matter jurisdiction.[1] *Small v. Chao*, 398 F.3d 894, 897 (7th Cir. 2005). This case turns on whether the Wakleys' letter that was forwarded to the NCUA constituted sufficient notice of their claim against the NCUA. The FTCA requires that plaintiffs present their claims to the appropriate federal agency before beginning a lawsuit. 28 U.S.C. §§ 2401(b), 2675(a); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). A claim shall be considered presented when the appropriate

---

[1]The parties do not challenge that satisfaction of the exhaustion requirement of the FTCA is a jurisdictional issue. *See Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003). Because we find that the Wakleys failed to exhaust their administrative remedies, our decision today does not extend our jurisdiction and we need not hold this case pending the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345 (Fed. Cir. 2006), *cert. granted,* 75 U.S.L.W. 3636 (U.S. May 29, 2007) (No. 06-1164).

agency, here the NCUA, receives "written notification of an incident accompanied by a claim for money damages." 28 C.F.R. § 793.2(a), *see also* 28 C.F.R. § 14.2(a). We have held that a written notification must contain "a statement of the essential facts underlying a claim" sufficient to allow "a legally trained reader [to] infer" the legal cause of action. *Murrey v. United States*, 73 F.3d 1448, 1452-53 (7th Cir. 1996); *Palay*, 349 F.3d at 425-26.

The district court correctly concluded that the Wakleys failed to present their claim to the NCUA before filing this suit. We are unpersuaded that the Wakleys' demand letter to the IMCU was sufficient to present their claim to the NCUA. The letter is not addressed to the NCUA or any federal agency; it does not ask a federal agency to help resolve their dispute with the IMCU or take any other action; nor does it reference a neglected duty to investigate the IMCU. The letter simply demands that the IMCU return the funds to their account. In short, the letter alleges nothing that would allow a legally trained reader to infer a cause of action against the NCUA. Therefore, the district court properly granted the NCUA's motion to dismiss.

And because the Wakleys failed to exhaust their administrative remedies, the district court did not err in refusing to allow the Wakleys to amend their complaint to substitute the United States for the NCUA as the proper defendant. *See Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Such an amendment would have been futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001).

The Wakleys finally contend that the district court erroneously denied their post-judgment motion, in which they argued that the FTCA's exhaustion requirement is unconstitutional. But parties cannot file post-judgment motions to advance new legal arguments that could have been made before the district court rendered its judgment. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006). Because the Wakleys failed to raise their constitutional claims prior to the post-judgment motion, the district court did not abuse its discretion in denying their motion.

AFFIRMED.