# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2011

No. 10-31089
Summary Calendar

Lyle W. Cayce
Clerk

ROSIE WASHINGTON; SHELDON WASHINGTON,

Plaintiffs–Appellants,

v.

STATE OF LOUISIANA; DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS; LOUISIANA STATE PENITENTIARY; BURL CAIN; MARY ANNETTE DUBROC; STAYCE RODRIGUEZ MENZINA-FALGOUT; GWEN HARDIN; L. BRUCE DODD; DONALD BARR; RONALD JETT,

Defendants–Appellees.

Appeal from the United States
District Court for the Middle District of Louisiana
USDC No. 3:10-CV-261

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rosie and Sheldon Washington appeal the district court's judgment dismissing their claims against the State of Louisiana, the Louisiana Department of Public Safety and Corrections, the Louisiana State Penitentiary, and seven individuals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31089

**I**

Rosie Washington (Washington), who is African-American, is employed as a nurse at the Louisiana State Penitentiary. Washington and her husband, Sheldon Washington, filed this lawsuit in state court against the State of Louisiana (State), the Louisiana Department of Public Safety and Corrections (DPSC), the Louisiana State Penitentiary (Penitentiary) (together, the State Defendants), and seven State employees who work at the Penitentiary. Washington alleges that the defendants engaged in racial discrimination by, among other things, denying her requests for medical leave, giving her unfavorable scheduling assignments, and docking her two days' pay. These actions, Washington alleges, amount to racial discrimination and other unlawful conduct in violation of 42 U.S.C. §§ 1981, 1983, and 1985, multiple provisions of the federal and Louisiana constitutions, and various Louisiana statutes prohibiting, among other things, fraudulent and tortious acts. Sheldon Washington appears to have alleged state law claims for emotional distress.

Though the Washingtons filed this lawsuit on December 9, 2009, they did not serve the State Defendants until March of 2010. The individual defendants were never served. Following service, the State Defendants removed the case to federal court and subsequently moved to dismiss under Rule 12(b)(6). On August 11, 2010, the district court dismissed the federal claims against the State Defendants and also declined to exercise jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Instead of dismissing the claims against the individual defendants for lack of service, the district court exercised its discretion under FED. R. CIV. P. 4(m) to order that those defendants be served by September 10, 2010.

The Washingtons filed a motion for a new trial on September 8, objecting to the district court's dismissal with respect to the State Defendants and order to serve the individual defendants. On September 10, the Washingtons moved

No. 10-31089

to proceed *in forma pauperis* (IFP) to serve the individual defendants. The magistrate judge denied the IFP motion on September 13. The district court subsequently treated the motion for a new trial as a motion for reconsideration of its dismissal of the federal claims against the State Defendants and order to serve the individual defendants, and it denied the motion. On October 12, the district court entered an order of judgment dismissing Washington's federal claims against the State Defendants, and also dismissing the couple's state law claims without prejudice. The district court later issued a corrected judgment, also dismissing the claims against the individual defendants because they had never been served. This appeal followed.

## II

"We review de novo a district court's determination on a motion to dismiss under Rule 12(b)(6), accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff."[1]

## A

Under Title 42 §§ 1983 and 1985, claimants have a cause of action for civil rights violations only against "persons." The State and DPSC are not persons within the meaning of the statutes.[2] Accordingly, the district court properly dismissed Washington's §§ 1983 and 1985 claims against those defendants.

Washington also contends that the Penitentiary is a person within the meaning of §§ 1983 and 1985, and that the district court erred when it found otherwise. Washington's argument on this point, however, consists of a single

---

[1] *E.E.O.C. v. Philip Servs. Corp.*, 635 F.3d 164, 165 (5th Cir. 2011) (brackets, quotation marks and citation omitted).

[2] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-71 (1989) (holding that a state is not a person under § 1983); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (concluding that a lack of personhood under § 1983 equates to a lack of personhood under § 1985); *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992) (holding that the Texas Department of Human Services is not a person under § 1983).

No. 10-31089

paragraph citing Article 24 of the Louisiana Civil Code, which defines "juridical persons" for the purposes of Louisiana law, and three state cases interpreting that state statute. Washington does not explain the connection between Louisiana law and the federal civil rights statutes or cite any other authority. Accordingly, we conclude that Washington has waived this argument due to inadequate briefing.[3]

To the extent that Washington appeals the district court's denial of her stand-alone constitutional claims, she advances no argument demonstrating that any of the relevant constitutional provisions provide a cause of action absent a valid § 1983 claim. Accordingly, those claims are waived.[4]

**B**

Washington argues that the district court erred when it dismissed her § 1981 claims against the State Defendants. We analyze § 1981 employment discrimination claims under the Title VII framework, which in turn requires that the plaintiff establish a prima facie case of discrimination.[5] A plaintiff may establish a prima facie case by demonstrating that she (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group.[6]

The Supreme Court has made clear that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

---

[3] *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

[4] *Id.*

[5] *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

[6] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

claim to relief that is plausible on its face."[7] Washington's complaint does not state a plausible § 1981 claim because no court could reasonably infer, from the facts pled, that Washington could meet the fourth element of a prima facie case.[8] Indeed, Washington admits in her complaint that Penitentiary administrators gave advantages to *both* whites and African-Americans—to the supervisors' "friends and favorites, who are usually white individuals, and sometimes but to a lesser extent, to those employees who are black." Thus, while Washington alleges that she was treated differently than other employees, the complaint cannot plausibly be read to infer that the differential treatment was due to her race. Dismissal of Washington's § 1981 claim was therefore proper.

Washington suggests that deficiencies in the complaint could be remedied by amending the complaint, and that such amendment would be allowed under Louisiana law. Washington did not raise this claim before the district court, and she again fails to explain, on appeal, the connection between Louisiana and federal law. Accordingly, we conclude that she has waived this argument.[9]

## C

The Washingtons contend that the district court erred when it dismissed their claims against the individual defendants. They argue that service on those defendants was not necessary because the district court had already dismissed Washington's federal claims and declined to exercise jurisdiction over the Washingtons' state law claims. In its order granting the State Defendants' motion to dismiss, however, the district court dismissed only the claims against

---

[7] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citation omitted).

[8] *See id.* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[9] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc) (refusing to consider an argument not raised below); *Adams*, 364 F.3d at 653.

No. 10-31089

those defendants, not the individual defendants.  Indeed, the court granted the Washingtons additional time in which to serve the individual defendants, but the Washingtons failed to do so.  Service of process is an elementary legal concept, and there is no reason why the Washingtons, who are represented by counsel, should not be held to its dictates.  Dismissal of the claims against the individual defendants was proper.

The Washingtons also appear to argue that they could not afford to serve the individual defendants.  They advance no argument demonstrating why the magistrate's denial of IFP status was improper, however, and they have therefore waived the issue.[10]

\* \* \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[10] *Adams*, 364 F.3d at 653.