NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2015[*]
Decided March 16, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2339

| | |
|---|---|
| MARK ANDERSON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of |
| | Illinois. |
|     *v.* | |
| | No. 13-cv-672-JPG-PMF |
| UNITED STATES DEPARTMENT OF | |
| AGRICULTURE, *et al.*, | J. Phil Gilbert, |
|     *Defendants-Appellees*. | *Judge*. |

### O R D E R

Mark Anderson sued the Illinois Department of Agriculture, the United States Department of Agriculture, and the Farm Service Agency (part of the Department that implements farm conservation and regulation laws), alleging that the agencies failed to investigate and regulate a neighboring farmer whose diseased cattle infected his own herd. The district court dismissed Anderson's claims against the federal defendants

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

without prejudice for failure to effect service, and dismissed the claims against the Illinois Department of Agriculture with prejudice for failure to state a claim. We affirm.

According to his complaint, many of Anderson's cattle died after Ronald Shepard, a neighboring cattle farmer who was on supervised release after being convicted of wire fraud involving cattle transactions (*see United States v. Shepard*, 154 F. App'x 849 (11th Cir. 2005)), allowed his diseased cattle to trespass on Anderson's land. Anderson filed several grievances with the Illinois Department of Agriculture, asserting that Shepard was bringing diseased cattle from out of state without health certificates and that the cattle were spreading illness. The Department investigated Anderson's complaints, but on each visit investigators found Shepard's cattle to be in generally good health and spotted only minor problems—a single dead calf in a pasture and a fence that had been partially knocked down by a fallen tree—which Shepard remedied by the investigators' next visit. Nonetheless, a substantial portion of Anderson's herd became sick and died; he attributes this loss to Shepard's cattle.

Anderson also contacted Shepard's federal probation officer and the federal Department of Agriculture, but they were unhelpful. The probation officer told him to "be quiet" and stop interfering with the government's ongoing investigation into Shepard's activities. The federal Department did not respond.

In 2011 Anderson became delinquent on a loan he had received from the Farm Service Agency. The Agency declined his application to restructure the loan, concluding that, given other debts, Anderson would not have been able to afford a restructuring plan even if most of his herd had not died.

In 2012, after Anderson's cattle had died and he had left the farming business, both the probation officer and the federal Department took action against Shepard. The probation officer asked Judge Gilbert to revoke Shepard's supervised release for violating its terms, including engaging in further crimes involving livestock. In September the court revoked Shepard's release and ordered him incarcerated for 24 months. *United States v. Shepard*, No. 4:11-cr-40007-JPG (S.D. Ill. Sept. 28, 2012). In April the federal Department filed an administrative complaint charging Shepard with trading in livestock without filing a bond or being properly registered with the Grain Inspection, Packers and Stockyards Administration (an agency within the Department that regulates markets in farm products and animals), and with issuing bad checks in payment for livestock. The administrative proceedings concluded in January 2013 when the agency assessed a $582,000 civil penalty and prohibited Shepard from dealing in

livestock for 10 years. *In re Ronald Ryan Shepard, Jr.*, P. & S. No. D-12-0357, 2013 WL 8208352 (U.S.D.A. 2013).

Anderson filed an administrative complaint in spring 2012 contending that the Department had violated his rights by failing to investigate Shepard promptly, thereby permitting him to continue to bring diseased cattle into Illinois. According to Anderson, the Department did not adequately investigate this complaint.

Anderson turned to federal court in July 2013 and filed his complaint seeking damages from the state and federal agencies for failing to prevent the infection and death of his cattle. He alleged that the agencies violated 42 U.S.C. § 1986, committed fraud and misrepresentation by failing to disclose documents in response to information requests, violated an unspecified "Whistleblower Act," and generally violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d–7. The Illinois Department of Agriculture moved to dismiss, arguing that Anderson's claims were barred by sovereign immunity and otherwise lacked merit.

The federal agencies were never served with process. Under FED. R. CIV. P. 4(i)(1), when the United States is a defendant, service means delivering (or mailing) the complaint and summons to a specified person in the office of the United States attorney for the district in which the action has been filed. Copies must be sent to the Attorney General as well, but formal service is on the local United States attorney. When the complaint names an agency, that agency also gets copies. FED. R. CIV. P. 4(i)(2). Anderson mailed or delivered copies to the Attorney General and agency officials in Washington, D.C., but did not serve the United States attorney.

When the agencies did not answer the complaint, Anderson moved for default judgment. The district court denied that motion, informing Anderson that he needed to serve the local United States attorney. Anderson, who contends that service on the local United States attorney is unnecessary because the suit concerns actions (or inactions) of officials in Washington, D.C., declined to follow the district judge's instructions. The judge gave him a second chance after the 120 days provided by FED. R. CIV. P. 4(m) had run; he still did not serve the local United States attorney. The judge then dismissed the suit against the federal defendants for failure to serve them with process.

In response Anderson moved for Judge Gilbert's recusal, contending that the judge was biased because he had presided over Shepard's criminal proceeding and therefore had knowledge of facts not in evidence, and that his bias was reflected in the

court's denials of Anderson's motions for default judgment. The judge denied his motion.

The following month the court dismissed the claims against the Illinois Department of Agriculture with prejudice, concluding that three of the claims are barred by sovereign immunity and that the last claim does not include any specific allegations regarding the state agency and therefore does not state a claim against it.

In this appeal the Illinois Department of Agriculture raises a threshold argument that we lack jurisdiction because Anderson filed his notice of appeal 31 days after the district court's judgment. It is true that an untimely filed notice of appeal deprives us of jurisdiction, *see Bowles v. Russell*, 551 U.S. 205, 209–10 (2007), but Anderson had 60 days to file his notice because a United States agency is a party, *see* FED. R. APP. P. (4)(a)(1)(B)(ii). Our jurisdiction is secure.

As for the merits, Anderson first challenges the district court's dismissal of the federal defendants for lack of service. He contends that he did not need to serve the local United States attorney because only the state defendant was located in the district where he brought the suit, and that the court misapplied Rule 4.

The district court did not abuse its discretion in dismissing Anderson's claims against the federal defendants. To serve a United States agency, a plaintiff must follow the directives of Rule 4(i), *see McMasters v. United States*, 260 F.3d 814, 817–18 (7th Cir. 2001), and Anderson failed to do so. The rules provide a party "reasonable time to cure its failure to … serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." FED. R. CIV. P. 4(i)(4)(A). The district court provided Anderson this opportunity, but he still failed to serve the United States attorney. The federal defendants were properly dismissed.

Anderson also contends that Judge Gilbert wrongly refused to recuse himself because of his personal knowledge of Shepard's activities. According to Anderson, the judge knew of these activities as a result of presiding over the revocation of Shepard's supervised release and the judge's bias was evident in his refusal to grant a default judgment against the federal defendants.

The district court did not abuse its discretion in denying Anderson's motion for recusal. Recusal is appropriate where the judge's "impartiality might reasonably be questioned," *see* 28 U.S.C. § 455(a), or where the judge has a "personal bias or prejudice

concerning a party, or personal knowledge of disputed evidentiary facts." *See id.* § 455(b)(1). But Anderson does not offer any evidence of judicial bias. The judge denied his motions for entry of default and presided over the revocation of Shepard's supervised release, but those steps do not show bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *In re Taylor*, 417 F.3d 649, 652–53 (7th Cir. 2005); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Finally Anderson challenges the district court's conclusion that sovereign immunity forecloses three of his claims against the Illinois Department of Agriculture and further argues that his complaint states claims for relief against the state agency. But Anderson's first claim, under 42 U.S.C. § 1986, is not cognizable because the agency is not a "person" under the statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Anderson may not sue a state in federal court for violations of state law, so he may not proceed on two of his remaining claims, a state-law claim for fraud and misrepresentation (his second) and a claim under the state's Whistleblower Act, 740 ILCS 174/1–40 (his fourth). *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Sorrentino v. Godinez*, No. 13-3421, 2015 WL 294383, at *4 (7th Cir. Jan. 23, 2015). And he did not allege that the state agency discriminated against him based on his race, color, or national origin, so his third claim, nominally under Title VI, also fails.

AFFIRMED