**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3514

| | |
|---|---|
| DEBORAH BURNS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 18-C-1031 |
| | |
| UNITED STATES OF AMERICA, et al., | Lynn Adelman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Deborah Burns filed this suit against two sets of defendants. First, she has sued the United States and unidentified jurors for their role in her federal drug conviction in 1990. She also has sued unnamed persons at the federal Bureau of Prisons for injuring her over a dozen years ago. The district court dismissed her complaint. Because the defendants are either immune or the claims against them are time-barred, we affirm.

---

[*] The defendants were not served in the district court and are not participating on appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Burns was convicted in 1990 of a federal controlled-substance offense. Some 28 years later, she brought this suit against the government, accusing the prosecutors of falsely charging her and the jurors of agreeing to imprison her unjustly. She also alleged that, over 12 years ago, she was assaulted while in federal custody in Wisconsin and that she fractured her shoulder in a federal prison in California.

The district court dismissed the complaint at screening. *See* 28 U.S.C. § 1915. The court explained that the federal prosecutors and jurors were immune from suit, the other defendants were improperly joined, and in any case the claims were legally deficient.

On appeal, Burns first argues that the district court erred in concluding that the federal prosecutors and jurors are immune from suit. Those "who perform functions closely associated with the judicial process" are absolutely immune for acts taken during that process. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). This immunity covers prosecutors and jurors. *See id.*; *Thomas v. City of Peoria*, 580 F.3d 633, 638 (7th Cir. 2009). And the United States is protected by sovereign immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The district court thus properly dismissed those claims.

Next, Burns argues generally that the court wrongly dismissed her claims against the remaining defendants for injuring her in Wisconsin and California. We may affirm "on any ground contained in the record." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). Burns has pleaded facts that block recovery because her claims are barred by the relevant statutes of limitations. She asserts that she is suing under state law. At the time of the events, the limitations period for personal injury claims in Wisconsin was six years, WIS. STAT. § 893.53; *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018); and in California, it was two years, CAL. C.C.P. § 335.1; *Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017). Burns alleged that her injuries occurred before 2005, but she sued in 2018, at least seven years *after* the expiration of the longer of these two limitations periods. "Although the statute of limitations is ordinarily an affirmative defense … a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred, as this is." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

We have considered Burns's other arguments and conclude that none has merit.

AFFIRMED