**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 3, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2426

| | |
|---|---|
| PETER OBAZUAYE,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19-cv-04933 |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, *et al.*,<br>    *Defendants-Appellees*. | Mary M. Rowland,<br>*Judge*. |

**O R D E R**

Peter Obazuaye, who is Nigerian, sued his employer, the Illinois Department of Human Services, alleging that it refused to promote him based on his national origin and transferred him in retaliation for seeking the promotion. *See* 42 U.S.C. §§ 1983, 2000e–2, 2000e–3. The district court dismissed the suit. Because it correctly ruled that

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the Department is not a "person" under § 1983, that Obazuaye did not properly file a charge of discrimination before bringing this lawsuit, and that no protected activity caused retaliation, we affirm.

We summarize the events alleged in Obazuaye's third amended complaint and a charge he filed with the Equal Employment Opportunity Commission in 2019, attached to the defendants' motion to dismiss. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Obazuaye had worked as a nurse for the Department for ten years when, in 2017, he filed a charge of discrimination. At some point, he applied for a promotion for which, he says, the Department refused to interview him because, as a Nigerian, he "wasn't American and he did not speak [E]nglish clearly." Then, in 2019, he was transferred. He responded with another EEOC charge in 2019. He limited this one to "retaliation." It states the transfer was "a result" of not receiving a promotion and filing his discrimination charge in 2017.

After receiving a right-to-sue letter on his 2019 charge, Obazuaye's next step was to sue the Department and some of its employees under § 1983, § 1985, and Title VII. His operative complaint raises two contentions: first, that the defendants did not consider him for promotion because of his national origin, and, second, that they transferred him "to punish [him for] striving to get an administration position."

The district court dismissed the suit for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). Obazuaye failed to state a § 1983 claim against the Department, the court explained, because it is not a "person" under that statute. Nor had he stated a claim under § 1983 or § 1985 against the individual defendants, the court added, because his complaint lacked allegations that they were personally involved in the events. The court next dismissed Obazuaye's claims under Title VII. It first explained that he had not filed a charge with the EEOC complaining about a discriminatory failure to promote based on national origin, which Title VII requires him to do before bringing the claim in federal court. And, the court continued, he did not assert a retaliation claim because "striving to get an administrative position" is not protected activity under Title VII.

Obazuaye appeals, but the district court correctly dismissed his complaint for failing to state a claim for relief. The Department of Human Services is a state agency and not a "person" that can be sued under § 1983 or § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989) (section 1983); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (section 1985). Further, Obazuaye's complaint does not connect the

individual defendants to any misconduct. Without any personal involvement, they cannot be liable under these statutes. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

The district court's dismissal of Obazuaye's Title VII claims against the Department also was sound. Beginning with his claim that the Department did not promote him because of his national origin, we conclude that the district court correctly dismissed this claim because Obazuaye failed to include allegations reasonably related to it in his EEOC charge. To sue under Title VII, a litigant must first file a charge with the EEOC. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). He then "may bring only those claims that were included in [his] EEOC charge, or that are like or reasonably related to the allegations of the charge." *Id.* (internal citation omitted). The only EEOC charge that Obazuaye relies on to satisfy this requirement is the one that he filed in 2019 and for which he received a right-to-sue letter. But the 2019 document charged only "retaliation." It neither mentions Obazuaye's national origin nor implies that the Department refused to promote him because of it.

That brings us to Obazuaye's claim of retaliatory transfer, which fails under Title VII for a different reason—the absence of statutorily protected conduct. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). Title VII prohibits employers from retaliating against an employee "because he has opposed … an unlawful employment practice … or because he has made a charge" of discrimination. 42 U.S.C. § 2000e–3; *see Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 59 (2006). Obazuaye's operative complaint, however, does not allege that the Department transferred him because he opposed discrimination or filed a charge. Rather, he alleges only that it transferred him "to punish [him for] striving to get an administration position." But seeking a job is not, in itself, opposition to discrimination under § 2000e–3; otherwise, every discriminatory failure to hire would also state a retaliation claim.

We are mindful that Obazuaye asserted in his 2019 charge, and in earlier versions of his complaint, that the Department transferred him in 2019 because he filed an earlier EEOC charge in 2017. But two obstacles prevent him from proceeding on that theory now. First, his operative complaint—which omits this allegation—supersedes all previous versions. *See Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011). Second, Obazuaye cannot base a plausible claim of retaliation solely on a two-year gap between his protected conduct in 2017 and the allegedly retaliatory transfer in 2019. *See Carlson*, 758 F.3d at 828 ("If the best a plaintiff can do is allege that he engaged in protected

activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed."); *Carmody v. Bd. of Trs. of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014). The district court gave him three chances to amend his complaint with further facts, yet he supplied none that suggest a retaliatory motive.

AFFIRMED