**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2550
_____

TEO JOHNSON; TEO T. POWELL; ZENA L. POWELL,
a/k/a The Johnson-Powell Group, LLC.;

Appellants

v.

CITY OF CLIFTON; CLIFTON POLICE DEPARTMENT;
THE CITY OF CLIFTON ABC LICENSING BOARD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-20-cv-20118)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2025

Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed July 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This suit stems from the denial of an application to transfer a liquor license in Clifton, New Jersey. After buying a liquor store from S&S Liquors, LLC, Teo Johnson, Teo T. Powell, and Zena Powell filed an application with the City of Clifton Alcoholic Beverage Control Licensing Board (the "ABC Board") to transfer S&S Liquors' license to the Johnson Powell Group, LLC, a corporation comprised of Johnson and Teo Powell. Per standard procedure, the application was referred to Sergeant Glen Arthur of the Clifton Police Department to review criminal search results provided by the State Police and the FBI. Sergeant Arthur learned that Johnson had served a ten-year prison sentence for a 1995 drug-related RICO conviction. He recommended that the transfer application be denied because Johnson's RICO conviction constituted a disqualifying "crime involving moral turpitude" under N.J. Stat. Ann. § 33:1-25, and the appellants had misrepresented Johnson's criminal history on the application. The ABC Board denied the application accordingly. The plaintiffs did not appeal the denial to the state agency or apply to the agency for a "disqualification removal order," which might have permitted the Johnson Powell Group to obtain a liquor license despite Johnson's criminal history.

In December 2020, Johnson, Powell, and Powell sued the City of Clifton, the Clifton Police Department, and the ABC Board (collectively, the "Clifton defendants").[1] They cited 42 U.S.C. §§ 1983, 1985, & 1986, 18 U.S.C. § 242, and Title VII of the Civil Rights Act of 1964, and claimed that the Clifton Defendants had violated their

---

[1] Initially, the Johnson Powell Group was also a plaintiff, but the parties later stipulated to dismissing the corporation from the suit.

constitutional rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments by delaying and denying their transfer application and unlawfully obtaining the sealed record of Johnson's RICO conviction. The Clifton defendants denied the allegations in the complaint and asserted a counterclaim demanding judgment for counsel fees and costs under 42 U.S.C. § 1988 and N.J. Stat. Ann. 2A:15-59.1.

Following discovery and the filing of pretrial motions, the parties filed cross-motions for summary judgment. The District Court granted the Clifton defendants' motion and denied the plaintiffs' motion. Johnson, Powell, and Powell appeal.[2]

We have jurisdiction under 28 U.S.C. § 1291.[3] We review the resolution of cross-motions for summary judgment de novo, see Spivack v. City of Philadelphia, 109 F.4th 158, 165 (3d Cir. 2024), although it appears that Johnson, Powell, and Powell primarily challenge the grant of summary judgment in favor of the Clifton defendants. We do not consider issues that Johnson, Powell, and Powell do not raise. See M.S. ex rel. Hall v.

---

[2] Their notice of appeal is timely filed in light of an extension of time that the District Court granted them. See ECF No. 91; see generally Fed. R. App. P. 4(a)(5). Johnson, Powell, and Powell did not initially sign that notice of appeal. However, they eventually submitted a signed copy after having twice been directed to do so and also after having been ordered to show cause why this appeal should not be dismissed for their failure to rectify the problem. We accept their correction of the notice of appeal and will consider this matter on the merits, see Becker v. Montgomery, 532 U.S. 757, 760 (2001), but we stress to Appellants the importance of timely compliance with court orders.

[3] The District Court did not dispose of the Clifton defendants' counterclaim. However, the unresolved counterclaim does not defeat jurisdiction because the claim is only for attorneys' fees and costs. See Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps., 571 U.S. 177, 180 (2014) (explaining that decisions on the merits are final despite unresolved claims for attorneys' fees).

Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief).

Johnson, Powell, and Powell argue that the District Court erred in granting summary judgment on their claims under 42 U.S.C. §§ 1983, 1985, & 1986 and Title VII of the Civil Rights Act of 1964. But, in the District Court, they conceded that they found out that Johnson's RICO conviction was not sealed for purposes of licensure investigations, and, on appeal, they describe how they learned about the limitations on the seal, see 3d Cir. Doc. No. 17 at 10-11. As the District Court ruled, in light of the conceded availability of information about Johnson's conviction, Johnson, Powell, and Powell cannot prevail on their § 1983 claim to the extent that they claimed an unlawful search and seizure of Johnson's criminal records.

Additionally, as the District Court concluded, Johnson, Powell, and Powell did not identify a policy or custom that caused them harm, as they must to impose municipal liability under § 1983 or § 1985.[4] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, . . . inflicts the injury that the government as an entity is responsible under

---

[4] Additionally, although local governmental units may constitute "persons" against whom suit may be brought under § 1983, see Monell, 436 U.S. at 694, governmental sub-units that are not distinct from the municipalities of which they are a part may not be separately sued under § 1983, see Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997).

4

§ 1983."); Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005) (applying Monell's requirements to a § 1985 claim). Johnson, Powell, and Powell claim that they did identify an objectionable policy – the background check. But, for the reasons given by the District Court, there is no basis to conclude that the background check requirement is unconstitutional, and there is no evidence that the background check was "the moving force" behind a constitutional tort committed by an employee.[5] Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (describing the ways that municipal liability can be established) (citation and quotation marks omitted). The latter is particularly true where the defendants provided evidence that the application was denied not only because the background check revealed the RICO conviction but also because Johnson's criminal history was misrepresented on the application.[6] See ECF No. 66-3, Ex. D at ¶ 10 (stating that the parties were notified that the application was denied for "disqualifying

---

[5] In the District Court as well as on appeal, Johnson, Powell, and Powell have made claims about purported wrongdoing by Sergeant Arthur and Michele Butler, the ABC Board's Secretary, who processed their application. As the District Court noted, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Porter v. City of Philadelphia, 975 F.3d 374, 383 & n.46 (3d Cir. 2020) (quoting Monell, 436 U.S. at 691).

[6] Johnson, Powell, and Powell contend that the failure to disclose Johnson's criminal record on the liquor license application was excusable neglect. But the conceded failure to provide the required information was a basis for denial of the application. As the District Court concluded, the defendants applied New Jersey law, which provides that "[a]ll statements in the applications required to be made by law or by rules and regulations shall be deemed material" and "misrepresentation . . . or suppression of material facts in the securing of a license are grounds for suspension or revocation of the license." N.J. Stat. Ann. § 33:1-25.

5

discrepanc**ies**") (emphasis added), & Ex. E at ¶¶ 14 & 15 (describing the two independently disqualifying bases). Where Johnson, Powell, and Powell's § 1985 claim could not survive summary judgment, their § 1986 claim could not prevail.[7] See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980) (explaining that where a claim under §1985(3) is insufficient, a dependent § 1986 claim also fails).

The District Court also properly granted summary judgment on the Title VII claim. We agree with the District Court that there is no evidence of an employment relationship between Johnson, Powell, or Powell and any of the defendants through which Title VII liability could attach.[8] See 42 U.S.C. § 2000e (defining, inter alia,

---

[7] Johnson, Powell, and Powell also argue that they presented an actionable claim under 42 U.S.C. § 1981. As a preliminary matter, they inappropriately waited to present their § 1981 claim to the District Court until they filed their motion for summary judgment. Additionally, as the District Court concluded, they could not prevail in any event because they did not support their claim with any evidence of defendants' intent to discriminate against them on the basis of race. See Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 797 (3d Cir. 2010) (providing how liability under § 1981 is established).

[8] Johnson, Powell, and Powell argue that the violation of Title VII would be clear if they could present deposition or trial testimony from employees of agencies. See 3d Cir. Doc. No. 17 at 45. But our review is limited to the facts in the District Court record. See Federal Ins. Co. v. Richard I. Rubin & Co., 12 F.3d 1270, 1284 (3d Cir. 1993). We acknowledge that they argue that the District Court should have permitted additional discovery and also contend that they should have been provided all requested documents and been permitted to depose all subpoenaed witnesses, see 3d Cir. Doc. No. 17 at 6. However, they do not describe any ruling regarding document production. And they also explain that some depositions were not completed because Zena Powell "did not respond in a timely manner" (because of health problems) to confirm their times, id. at 16, and that Zena Powell "withdrew [several] subpoenas." Id. Under the circumstances, we do not discern any abuse of discretion in how the District Court managed the discovery period.

employee); <u>United States v. Bd. of Educ. for Sch. Dist. of Phila.</u>, 911 F.2d 882, 891 (3d Cir. 1990) (distinguishing control over employment exercised in a regulatory capacity from that applied "in the course of a customary employer-employee relationship" and concluding that the former did not provide a basis for Title VII liability).[9]

In their brief, Johnson, Powell, and Powell spend time presenting broader arguments that the District Court misapplied the summary judgment standard under the circumstances of their case, violated their right to a jury trial, and, by denying them a trial, violated their other constitutional rights. <u>See</u> 3d Cir. Doc. No. 17 at 27-33. However, we see no error in how the District Court applied the summary judgment standard, and it is well-established that summary judgment, applied properly, does not violate the right to a jury trial, <u>see</u> <u>In re TMI Litig.</u>, 193 F.3d 613, 725 (3d Cir. 1999), <u>amended by</u> 199 F.3d 158 (3d Cir. 2000). We have reviewed Johnson, Powell, and Powell's other arguments and conclude that they are meritless.

For these reasons, we will affirm the District Court's judgment.

---

[9] Because an employment relationship is not at issue in this case, we do not reach Johnson, Powell, and Powell's arguments regarding the use of criminal records in employment decisions.